STATE of Missouri, Respondent,

v.

Darryl K. THREAT, Appellant.

No. KCD 27683.

Missouri Court of Appeals,
Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1975.

James L. McMullin, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Defendant was tried by a jury and found guilty of armed robbery in the first degree, by means of a dangerous and deadly weapon, a felony under Sections 560.120 and 560.135, RSMo 1969. Punishment was assessed at 20 years in prison.

On July 1, 1974, at approximately 8:30 a. m., three masked and armed men entered the Three Star Market at 2226 Vine in Kansas City, Missouri. While one of the men watched the door, a second went to the back of the store and the third approached Mr. Isadore Gross, the owner and demanded that he open the cash registers, which request Gross complied with. Gross was then ordered to go to the back room of the store and open the safe. He did so and took out and handed over to the robber a cigar box which contained approximately $1,500.00 in cash. Gross was then ordered to lie down while his assailant fled the store. In the meantime, the second robber approached Mr. Leon Z. Johnson who was working in the store's butcher shop. Johnson was ordered to place his hands on the counter, was patted down and relieved of pocket money by the robber and then ordered to lie down. Johnson did have time, however, before being approached by the robber to activate the store's alarm system which alerted the police.

Several officers responded to the scene. Officer James D. Bryan of the Kansas City, Missouri Police Department arrived at the scene at approximately 8:30 a. m. and observed defendant come out of the front door of the market. Defendant was carry-

ing a box in his left hand, a revolver in his right hand, and reached up and removed a nylon stocking from his head. Bryan fired one round from his service revolver, and defendant dropped to the ground. Upon approaching and apprehending defendant, Bryan found an El Producto, red and white cigar box containing $1,514.02 and a loaded revolver. Detective James Theisen, also of the Kansas City, Missouri Police Department arrived at the scene at approximately 8:35 a. m. and proceeded to the location where defendant had been arrested and in an attempt to find any evidence that might have been left or dropped discovered a nylon stocking.

On this appeal defendant argues that the trial court erred in admitting into evidence State's Exhibit No. 2, a cigar box, and State's Exhibit No. 7, a nylon stocking, for the reason that neither were properly identified and shown to be connected with the crime or the accused.

■ Defendant takes the position that these exhibits were not "positively" identified as those used in the crime and thus were inadmissible. This insistence finds no support in the law. It is true that to be admissible demonstrative evidence must be identified as the articles they are purported to be, and shown to be connected with the crime or with the accused. However, such identification is not required to be positive, absolute, certain, or wholly unqualified, and where there is some evidence for this purpose, objections to its sufficiency go to the weight rather than the admissibility of the articles in question. 22A C.J.S. Criminal Law § 709, pp. 949–951. *State v. Murphy*, 521 S.W.2d 22 (Mo.App.1975); *State v. Hollins*, 512 S.W.2d 835 (Mo.App.1974); *State v. Stancliff*, 467 S.W.2d 26 (Mo.1971); *State v. Kern*, 447 S.W.2d 571 (Mo.1969); *State v. Maxwell*, 376 S.W.2d 170 (Mo.1964); *State v. Johnson*, 286 S.W.2d 787 (Mo.1956); *State v. Brinkley*, 354 Mo. 337, 189 S.W.2d 314 (1945); *State v. Boothe*, 485 S.W.2d 11 (Mo. banc 1972); *State v. Evans*, 237 S.W.2d 149 (Mo.1951).

■ In the case at bar Exhibit No. 2 was identified by Isadore Gross, owner of the Three Star Market, as the cigar box taken from the safe during the robbery. Gross further stated that at the time of the robbery, the box contained approximately fifteen hundred dollars. James D. Bryan, a Kansas City, Missouri police officer, testified that when he sighted the defendant outside the market immediately after the robbery, the defendant was carrying a red and white El Producto cigar box containing $1,514.02. Bryan testified that Exhibit No. 2 "resemble[d]" the box he recovered from the defendant and that it "appear[ed]" to be the same box. Larry Ealy, another police officer, also testified that Exhibit No. 2 resembled the cigar box taken from the defendant, even though he could not positively state that it was the same box.

As to the nylon stocking, Sgt. Bryan testified that he observed the defendant run from the market immediately following the robbery and remove a nylon stocking from his head. The defendant dropped the mask near the doorway of the Heart of America Golf Club. Detective James Theisen, a Kansas City, Missouri police officer, arrived on the scene within minutes after the robbery and recovered the stocking that the defendant had discarded. Although the defendant asserts that Detective Theisen "could not positively identify the nylons as the ones he found at the scene," this assertion is refuted by the record. When Detective Theisen was asked if he could identify Exhibit No. 7, he stated:

"Yes, sir, that's the nylon stocking I found on the street and in front of the building just to the north of the market on the same side of the street which would be the west side of the street."

It is apparent from the record that both the cigar box and the nylon stocking were shown to be connected with the defendant and the crime.

An examination of the cases cited by defendant show them to be factually distinguishable. In *State v. Wynne*, 353 Mo. 276,

182 S.W.2d 294, 299 (1944), the murder weapon was recovered at the scene but subsequently misplaced. At trial the prosecutor used a similar gun as part of a demonstration. The court found it clear that the gun neither belonged to the defendant nor was connected with the crime and reversed stating "[t]he inherent nature of the weapon was such, under the circumstances of this case, that the jury would undoubtedly have a tendency to infer from a demonstration with it 'the truth of all that is predicated of it' when in fact it had nothing whatever to do with the defendant or the crime." *Wynne,* supra at 300.

In *State v. Merritt,* 460 S.W.2d 591 (Mo. 1970) defendant was convicted of assault with intent to kill with malice aforethought. The police searched the area around the bar after the shooting and found no gun but the next day a person claimed to have found the gun in the snow on the sidewalk. The court held no circumstances permitted an inference that the gun belonged to the defendant or was in any manner connected with him or the offense charged and therefore the admission of the gun into evidence was prejudicial error. *State v. Holbert,* 416 S.W.2d 129 (Mo.1967) involved a conviction for carrying a concealed weapon. In reversing and remanding the court held that the admission of revolvers other than the one on which defendant's prosecution was based was improper and prejudicial as the revolvers were in no way connected with the charged offense.

Having found no merit in defendant's assignments of error, the judgment of the trial court is affirmed.

All concur.