**Darryl K. THREAT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 29149.**

Missouri Court of Appeals,
Kansas City District.

Oct. 31, 1977.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1977.

Application to Transfer Denied
Jan. 9, 1978.

James T. Cook, Michael W. Manners, Paden, Welch, Martin & Albano, P.C., Independence, for appellant.

John D. Ashcroft, Atty. Gen., Jeffrey W. Schaeperkoetter, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSERSTROM and SOMERVILLE, JJ.

TURNAGE, Presiding Judge.

Darryl Threat filed his motion under Rule 27.26 to vacate the judgment and sentence imposed upon him for armed robbery, first degree. The court held an evidentiary hearing and made findings of fact and conclusions of law which denied relief. This appeal follows.

Threat now contends his judgment and sentence should be vacated because he was denied effective assistance of counsel both at the trial and appellate level. Affirmed.

After his conviction Threat filed a direct appeal to this court and the conviction was affirmed. *State v. Threat,* 530 S.W.2d 41 (Mo.App.1975).

Threat now contends his trial counsel failed to give him the representation to which he was entitled because prior to trial his counsel failed to interview a police officer concerning a statement the officer's report indicated Threat had made. The statement was written on the report as: "I've got me on this one. It was stupid." Threat denied to his counsel he had made any statements to any police officer.

When the officer testified a hearing was held to determine the voluntary nature of the statement, and, after the court determined it to be voluntary, the court allowed the officer to testify concerning it. It appeared the police report contained a typographical error since the statement should have read: "You've got me on this one. It was stupid."

In its findings of fact the court found Threat's trial counsel succeeded in having the court hold a full evidentiary hearing on the voluntary nature of the statement but was unsuccessful in keeping the statement from the jury. Counsel testified on this 27.26 motion that it made little if any difference whether he had talked to the police officer prior to the trial in the efforts he made to keep the statement out of evidence.

Failure of counsel to talk with a police officer about a statement when the defendant denied making any statement was considered in *Barker v. State,* 505 S.W.2d 448 (Mo.App.1974). The court stated the test was whether or not an improper conviction

had been obtained as a result of the trial not being fair.

■ The trial court found Threat had a fair trial and the failure of his counsel to interview the police officer prior to trial did not deprive him of a fair trial. This finding is amply supported by the evidence and is, therefore, not clearly erroneous. Rule 27.-26(j).

Threat further contends counsel who represented him on appeal failed to raise the question of the State supplying an inaccurate report to the defense, i. e., the report containing the typographical error as set out above. Appellate counsel likewise testified and stated he was fully aware of this problem but did not consider it worthy to brief and present on appeal. Again, an identical situation was presented in *Boyer v. State*, 527 S.W.2d 432, 437[10] (Mo.App. 1975). In that case the court stated counsel was entitled to rely upon his own judgment and was under no duty to brief all assignments which may have been possible.

■ Likewise the court in this case found the failure to raise this point on appeal did not result in any manifest injustice to Threat. The findings of fact and conclusions of law are not clearly erroneous and the judgment is affirmed. Rule 27.26(j).

All concur.