Thomas E. BURNSIDE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 30958.

Missouri Court of Appeals,
Western District.

May 5, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 9, 1980.

Application to Transfer Denied
July 15, 1980.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Kevin Locke, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jerry L. Short, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Thomas Burnside appeals the denial of his second 27.26 motion without an evidentiary hearing. The contention on this appeal is that the court erred when it failed to appoint counsel upon the filing of the second 27.26 motion because the motion was filed by an indigent pro se. Affirmed.

Burnside filed a 27.26 motion seeking to overturn his conviction for kidnapping and rape and resultant sentences of 50 years for rape and 10 years for kidnapping, the sentences to run consecutively. That motion was overruled without an evidentiary hearing and on appeal the judgment was affirmed. *Burnside v. State*, 552 S.W.2d 339 (Mo.App.1977).

In April, 1979, Burnside filed the present 27.26 motion. In this motion he alleged his conviction and sentence for kidnapping and rape was invalid because he was subjected to double jeopardy by being tried for both offenses. In his motion he requested the appointment of counsel under *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978). The court overruled this motion without an evidentiary hearing.

On this appeal Burnside contends he was entitled to the appointment of counsel on this motion because the mandate of *Fields* is absolute and since this motion was filed after *Fields* the court had no choice but to appoint counsel.

Rule 27.26(d) provides that a second or successive motion shall not be entertained by the court where the ground presented is new but could have been raised in the prior motion pursuant to 27.26(c). The rule further states the burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.

In this motion Burnside alleged the ground of double jeopardy was not contained in his first motion because counsel on the first motion did not inform him of the existence of this ground.

There is no doubt the facts were fully known to Burnside because he was well aware that he had been convicted of both kidnapping and rape when he filed his first 27.26 motion. His allegation in the second motion that a claim of double jeopardy was not raised in his first motion resulted from the failure of counsel to advise him of the existence of this ground amounts to no more than a claim of ineffective assistance of counsel on the first motion. A claim of ineffective assistance of counsel on a previous 27.26 motion is not grounds for relief in the subsequent motion. *Neal v. State*, 569 S.W.2d 388 (Mo.App. 1978). Although Burnside does not claim his own lack of knowledge as a reason for failing to allege double jeopardy in the first motion it has also been held that a lack of legal knowledge on the part of the prisoner is not a reason to excuse the failure to present known facts in a previous motion. *Patterson v. State*, 571 S.W.2d 142, 143[2] (Mo.App.1978). Under either theory of whether the failure to allege double jeopardy in the first motion was due to the lack of knowledge on the part of counsel or Burnside, such allegation is not sufficient to carry the burden to show that the new ground alleged in a successive motion could not have been raised in the prior motion.

Burnside, in this case, boldly asserts that under *Fields* the court was required to appoint counsel because that case does not limit the requirement that counsel be appointed to the first motion filed by a prisoner. Burnside argues since *Fields* does not make this limitation, then *Fields* must be

applied to any pro se motion filed by an indigent prisoner without regard to whether it is the first or subsequent motion filed.

In *Westmoreland v. State*, 594 S.W.2d 596, n. 1 (Mo. banc 1980) the court recognized that after *Fields* a second motion which raised grounds repetitious to the first would be subject to summary denial. This case, decided after *Fields*, recognizes that after *Fields* Rule 27.26(d) is still viable and successive motions are subject to summary denial unless they meet the requirements of that paragraph.

■ Nothing in *Fields* nor in 27.26(h), which was added to the rule subsequent to the decision in *Fields*, vitiates or in any way limits the force and effect of 27.26(d). This court holds that a motion under Rule 27.26 filed after *Fields* which is subject to summary denial under 27.26(d) may be dismissed without the appointment of counsel.

Burnside further contends that the successive motion provision of 27.26 does not apply to him because in *Fields* the prisoner had filed two previous motions under 27.26 when the Supreme Court ruled he was entitled to the appointment of counsel in his third motion. In *Fields* the court did not discuss 27.26(d), but apparently felt that because the first two motions had been filed pro se and had both been denied without an evidentiary hearing without any appeal having been taken, the prisoner had never had an opportunity to present his grounds for relief. Here, Burnside gives as his only reason for omitting double jeopardy from his first motion the failure of his counsel to advise him of that ground. Unlike *Fields* Burnside alleges he had the assistance of counsel and he did have appellate review of his first motion. He has not shown any permissible reason for failing to include the double jeopardy ground in his first motion. There is nothing in *Fields* to prevent the application of 27.26(d) to Burnside's second motion.

The judgment is affirmed.

All concur.