Darryl K. THREAT, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 30959.

Missouri Court of Appeals,
Western District.

July 8, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 4, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Michael W. Manners, Independence, for appellant; Paden, Welch, Martin, Albano & Graeff, Independence, of counsel.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

PRITCHARD, Judge.

For commission of the crime of robbery in the first degree, appellant was convicted by the verdict of a jury which set the sentence at 75 years imprisonment, later reduced to 20 years by the trial court. That conviction was affirmed in *State v. Threat*, 530 S.W.2d 41 (Mo.App.1975).

A first motion to vacate the judgment under Rule 27.26 was filed by appellant on December 31, 1975, and an evidentiary hearing was held upon it. This first motion alleged that there was error in admitting the oral confession of appellant into evidence. Two amendments to the first motion were made, a failure of the trial court to instruct the jury on appellant's defense [obviously not cognizable under Rule 27.-26(b)(3), *State v. Smith*, 411 S.W.2d 208 (Mo.1967)]; and that movant was denied effective assistance of counsel for failure to investigate the oral statement and to move to suppress or to make timely objection to it at trial. The trial court denied the first Rule 27.26 motion en toto, which would have covered the matter of the admissibility of the oral confession. That matter was not presented upon the original appeal.

The present motion under Rule 27.26 again presented the matter of the admissibility of the oral confession. Again, that matter, as concluded by the trial court, is but a trial error not cognizable under Rule 27.26(b)(3), *Lewis v. State*, 501 S.W.2d 20, 24[2] (Mo.1973). But aside from the alleged mere inadmissibility of the oral statement being a trial error, appellant presented the same ground in his first motion, which ground was denied and that denial was not pursued upon appeal. He is precluded from again presenting it in the present motion by Rule 27.26(d). See *Burnside v. State*, 600 S.W.2d 157 (Mo.App.); *Westmoreland v. State*, 594 S.W.2d 596, 597 (Note 1) (Mo. banc 1980). The trial court did not err in failing to conduct an evidentiary hearing.

The judgment is affirmed.

All concur.