**Hubert M. MORRIS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 41951.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1980.

Joseph Webb, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Mary C. P. Pincus, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

Movant appeals the denial, by the Circuit Court of the City of St. Louis, of his second 27.26 motion.

Movant was originally convicted by a jury of robbery in the first degree by means of a dangerous and deadly weapon and sentenced to twenty-five years imprisonment. He appealed the conviction which was affirmed by the Missouri Supreme Court. *State v. Morris*, 501 S.W.2d 39 (Mo.1973). Thereafter the movant filed a 27.26 motion alleging ineffective assistance of counsel and double jeopardy as his grounds for relief. This motion was denied without a hearing. He appealed this determination and we affirmed the denial. *Morris v. State*, 547 S.W.2d 827 (Mo.App.1976). Movant then filed a second 27.26 motion alleging a new ground for relief that his conviction was obtained as a result of suppression of evidence (alleged fingerprints) by the prosecutor; and again alleging ineffective assistance of counsel because his trial attorney failed to discover this evidence. An attorney was appointed for him pursuant to *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) and it was determined that the motion was sufficient as it stood. Subsequently the Circuit Court of the City of St. Louis filed its Findings of Fact and Conclusions of Law denying this motion without an evidentiary hearing. Movant appeals this determination.

Movant contends on appeal that it was error to deny his motion without a hearing. We disagree.

■ Successive 27.26 motions are prohibited by Rule 27.26(d) when the ground alleged is new but could have been raised in the previous 27.26 motion. *Careaga v. State*, 552 S.W.2d 25 (Mo.App.1977). Here there is no showing that the new ground; i. e., the alleged fingerprints could not have been presented in the first motion. Nor is there an allegation in the second motion that this ground was not known to movant at the time of the first motion. In fact, movant concedes in his second motion that all the grounds known to movant were not presented in the first motion. Movant had the burden to establish that the new ground raised in the second motion could not have been presented earlier. *Culberson v. State*, 571 S.W.2d 488 (Mo.App.1978). Movant has failed in his burden.

We also note that movant failed to allege how the alleged fingerprints benefited him or prejudiced him.

■ Nor was it error in not giving movant a hearing on the ineffective assistance of counsel charge. This was raised and ruled against movant in the first 27.26 motion and may not be raised again in the second motion. *Haynes v. State*, 552 S.W.2d 284, 285 (Mo.App.1977).

Judgment affirmed.

REINHARD and CRIST, JJ., concur.