Homer E. SULLIVAN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31609.

Missouri Court of Appeals,
Western District.

May 4, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 1981.

John G. Miller, Odessa, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Catheryn B. Starke, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Homer E. Sullivan, found guilty by a Lafayette County jury of conspiracy to commit robbery (Section 556.120, Mo.Supp. 1973) and carrying a concealed weapon (Section 564.610, RSMo 1969), was sentenced to four years and four years and six months imprisonment, respectively, with said sentences ordered to run consecutively. Judgment was entered and sentence was pronounced on July 30, 1975. Failing to obtain relief by way of direct appeal, *State v. Sullivan*, 553 S.W.2d 510 (Mo.App.1977), he resorted to Rule 27.26 and was represented by counsel and afforded an evidentiary hearing. Sullivan (hereinafter movant) now appeals from the denial of post-conviction relief.

Two points are urged by movant on appeal. Both are posited on alleged ineffective assistance of trial counsel: (1) he "abandoned his desire to have a severance of the two charges" on the erroneous advice of counsel that if found guilty the trial court would be required by law to order any sentences to run concurrently; and (2) counsel failed to object to the state's presentation of the testimony of a witness, who failed to honor a subpoena, by introducing the transcript of the witness's testimony given at movant's preliminary hearing.

The test for determining effectiveness of trial counsel is articulated in *Seales v. State*, 580 S.W.2d 733, 735–37 (Mo.banc

1979). Under this test, as paraphrased in *Eldridge v. State,* 592 S.W.2d 738, 740, n. 2 (Mo.banc 1979), "to prevail on a claim of ineffective assistance of counsel, movant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was prejudiced thereby." Certain ancillary considerations are not to be ignored in applying this test as noted in *Seales v. State, supra,* 580 S.W.2d at 735, quoting with approval from *Reynolds v. Mabry,* 574 F.2d 978, 979 (8th Cir. 1978): " 'Furthermore, there is a presumption that counsel is competent, [citation omitted] and the petitioner must shoulder a heavy burden to override this presumption. [citations omitted] Finally, the exercise of reasonable judgment, even when hindsight reveals a mistake in that judgment, does not render a lawyer negligent or lacking in competence in rendering his services.' "

Nor does the test for determining effectiveness of counsel dissipate certain entrenched principles pertaining to the role of the trial court in assessing the weight of the evidence and the credibility of witnesses in post conviction proceedings. As succinctly put in *Bibee v. State,* 542 S.W.2d 540, 542 (Mo.App.1976), cited and quoted with approval in *Williams v. State,* 566 S.W.2d 241, 242 (Mo.App.1978), "[i]n a Rule 27.26 proceeding 'the weight of the evidence and credibility of the witnesses are matters for the trial court,' ... and the trial court may reject testimony offered on behalf of the movant even though there was no contrary evidence." Moreover, the trial court may accept or reject in whole or in part testimony offered by the movant. *Carns v. State,* 598 S.W.2d 158, 161 (Mo.App.1980); and *Floyd v. State,* 518 S.W.2d 700, 702 (Mo. App.1975). Concomitantly, "[a]ppellate review shall be limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j).

█ Attention initially focuses on movant's first point—abandonment of his "desire" to have the two charges severed for separate trial due to counsel's erroneous advice that if found guilty the trial court would be required by law to order any sentences assessed to run concurrently. Under former Rule 24.04 (in force in July, 1975) movant had neither a federal nor state constitutional right to have the two offenses severed for separate trial. *State v. Duren,* 556 S.W.2d 11, 19 (Mo.banc 1977); reversed on other grounds, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); *State v. Baker,* 524 S.W.2d 122, 126 (Mo.banc 1975); and *Webb v. State,* 589 S.W.2d 89, 94 (Mo. App.1979). Severance was a matter resting within the sound discretion of the trial court. *State v. Duren, supra,* 556 S.W.2d at 20; and *Webb v. State, supra,* 589 S.W.2d at 92.

As of the date judgment was entered and sentence was pronounced in the underlying criminal trial, July 30, 1975, Section 546.480, RSMo 1969, mandating that the two sentences assessed against movant run consecutively, had been declared unconstitutional in *State v. Baker, supra,* handed down June 9, 1975, motion for rehearing or to modify denied July 14, 1975. The record before this court on the Rule 27.26 appeal does not disclose whether the judge in the underlying criminal trial exercised his discretion in ordering the sentences assessed against defendant to run consecutively in conformity with *State v. Baker, supra.* However, this aspect of the consecutive sentences has never been questioned either on direct appeal or in the Rule 27.26 proceeding. In any event, the trial court was not required by law, either before or after *State v. Baker, supra,* to order the sentences to run concurrently.

Rejection by the trial court of the ground for postconviction relief reflected by movant's first point was amply supported by the evidence when viewed anent the principles that the weight of the evidence and the credibility of the witnesses were matters for the trial court, and that it could accept or reject in whole or in part testimony offered on behalf of movant even in the absence of any contrary evidence. *Bibee v. State, supra; Williams v. State, supra;*

*Carns v. State, supra*; and *Floyd v. State, supra*, 518 S.W.2d at 703. There is not a scintilla of evidence in the record to suggest that the trial court would have been guilty of an abuse of discretion if a motion for severance had been filed and denied. That aside, and addressing the issue as more narrowly circumscribed by movant, trial counsel testified that his discussion with movant did not involve the "basic concept" of whether any sentences would run consecutively or concurrently, but, instead, involved explaining to movant that each charge carried a maximum sentence of 5 years[1] and "therefore, he had a maximum of ten years liability." Counsel further testified that movant made the final decision to go to trial on both charges at the same time and informed counsel that his reasons for doing so were (1) he was " 'not guilty' " and " 'I'm not pleading guilty' ", (2) " 'We'll just try them together, because I can get all my witnesses here at one time and then I'll be found not guilty' ", and (3) " 'I think I can get my witnesses here one time.' " On the basis of the evidence just mentioned, the trial court was eminently justified in finding that movant did not forego his purported "desire" to seek a severance on erroneous advice of counsel, and that movant was motivated to go to trial on both charges at the same time because he believed, albeit erroneously, that he would be found not guilty of either charge and he didn't want to run the risk that some of his witnesses might not be available for two separate trials. The findings, conclusions and judgment of the trial court rejecting movant's claim of ineffective assistance of counsel on the ground posed in point one was not "clearly erroneous." Rule 27.26(j).[2]

1. Under Section 556.120, Mo.Supp.1973, the maximum punishment for conspiracy to commit robbery was 5 years imprisonment; under Section 564.610, RSMo 1969, the maximum punishment for carrying a concealed weapon was 5 years imprisonment.

2. Movant injects for the first time on appeal a ground never mentioned in his Rule 27.26 motion—counsel's alleged advice that the trial court would be required by law to order any sentences to run concurrently induced him not to engage in plea bargaining, i. e., guilty pleas in return for consecutive three year sentences.

Attention now focuses on movant's final point—counsel's failure to object to the state's presentation of the testimony of one of its witnesses, who failed to honor a subpoena, by introducing the transcript of his testimony at movant's preliminary hearing. The absent witness was movant's co-conspirator who had been served with a subpoena issued on behalf of the state some two weeks prior to trial.

An accused's right to confront and cross-examine the witnesses against him is a fundamental constitutional right under the Sixth Amendment to the Constitution of the United States and obligatory on the States by the Fourteenth Amendment to the Constitution of the United States. *Pointer v. State of Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The constitution of this state also guarantees an accused the right to confront and cross-examine witnesses against him. Art. I, § 18(a), Mo.Const.; and *State v. Murphy*, 592 S.W.2d 727, 731 (Mo.banc 1979). This right is not violated by permitting the testimony of a witness given at a preliminary hearing to be introduced by the state at the trial of an accused, if the witness was subject to cross-examination at the preliminary hearing by the accused and is unavailable at the trial. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 579 (1980), and *State v. Hicks*, 591 S.W.2d 184, 188 (Mo.App.1979). A witness, in legal contemplation, is not "unavailable" unless the state has shown that it has made a good faith effort and exercised reasonable diligence to secure attendance of the witness at trial. *State v. Murphy, supra*, 592 S.W.2d at 731. What

Since this ground was never raised in his rule 27.26 motion and emerged for the first time on appeal, it is doubtful whether it presents a viable issue for purposes of appellate review. *Schleicher v. State*, 483 S.W.2d 393, 394 (Mo. banc 1972); *Maggard v. State*, 471 S.W.2d 161, 162 (Mo.1971); *Baker v. State*, 583 S.W.2d 190, 191 (Mo.App.1979); and *Shubert v. State*, 518 S.W.2d 326, 328 (Mo.App.1975). Assuming, however, that it was properly raised, the evidence outlined in the opinion proper strips it of validity.

constitutes a "good faith effort" and "reasonable diligence" turns on the particular facts of each case. *State v. Murphy, supra,* 592 S.W.2d at 731. The evidence before the court at the underlying criminal trial regarding "good faith effort" and "reasonable diligence" on the part of the state to secure the attendance of the witness was minimal, at best, especially in the face of certain statements made by movant to the trial judge that the witness was observed at his home the morning of the trial and there was no indication that any effort was made after receipt of such information to secure the witness's attendance. Under the circumstances, a proper objection at the underlying criminal trial might have precluded introduction of portions of the preliminary hearing transcript. At this point of time, however, it is unnecessary to decide whether such an objection, if made, should have been sustained, as the issue on appeal is tendered in the limited perspective of ineffectiveness of counsel. Evaluation of the performance of trial counsel for purposes of post conviction relief requires a two-step analysis. First, movant must establish that trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and, second, movant must show that he was prejudiced thereby. *Seales v. State, supra.* Assuming, arguendo, that trial counsel, by not objecting to introduction of portions of the preliminary hearing transcript, failed to exercise the requisite skill and diligence required, the second step of the required analysis—was movant prejudiced thereby—must still be satisfied. Movant's counsel at the underlying trial testified at the Rule 27.26 evidentiary hearing that his cross-examination of movant's coconspirator at the preliminary hearing was "extensive" and, more particular, that during the cross-examination of said witness he pursued "every particular area which showed that there were dichotomies or divisions in the testimony which were just so inconsistent that it couldn't be believed that this man [movant] took place [sic] in any such conspiracy." The cross-examination conducted by mov-

ant's counsel at the preliminary hearing cannot be branded as merely perfunctory. Moreover, the record reflects that pictures of the witness as he appeared on the day of the preliminary hearing were offered by movant and admitted into evidence at the underlying criminal trial, as well as certified copies of records showing that the witness had previously been convicted of two felonies. Counsel for movant at the underlying criminal trial also testified that he did not object to introduction of the absent witness's testimony by means of the transcript of the preliminary hearing because he "figured" he had "enough to impeach" the witness "anyway". It is also significant that the state called a rebuttal witness who corroborated, for the most part, the transcript testimony of the absent witness. Although movant has indulged rather freely in speculation, conjecture and surmise, he has failed, with any degree of specificity, to point to a single matter that was not covered during cross-examination of the witness at the preliminary hearing or to any new or additional matter favorable to movant which the witness would purportedly have testified to if present at trial. In face of the record on appeal, the findings, conclusions and judgment of the trial court rejecting movant's claim of ineffective assistance of counsel on the ground posed in point two was not "clearly erroneous". Rule 27.26(j). Although movant may have crossed the first step of the two-step analysis, he failed to cross the second step as the trial court, on the basis of the evidence presented, was justified in finding that movant did not prove that he was prejudiced by trial counsel's failure to object to the state's use of the preliminary hearing transcript.

Judgment affirmed.

All concur.