Donald Eugene WILLEN, Movant,

v.

STATE of Missouri, Respondent.

No. 45270.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 11, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
March 17, 1983.

Application to Transfer Denied
April 26, 1983.

---

William J. Shaw, Public Defender, Clayton, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CRANDALL, Presiding Judge.

Movant appeals from the denial of his second, or successive, Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was originally convicted of five counts of robbery in the first degree and five counts of armed criminal action in St. Louis County and sentenced to a total of twenty-eight years. He then filed a notice of appeal, which he later dismissed. Thereafter, movant filed a Rule 27.26 motion alleging that the convictions for robbery in the first degree and armed criminal action constituted double jeopardy. Movant was successful in his motion and the armed criminal action convictions were vacated and his sentences were reduced to a total of twenty-five years. Movant now alleges ineffective assistance of counsel and improper joinder of offenses in this successive Rule 27.26 motion.

Successive motions for post-conviction relief are prohibited by Rule 27.26(d) when the grounds alleged are new but could have been raised in the previous Rule 27.26 motion. *Morris v. State,* 603 S.W.2d 88, 89 (Mo.App.1980). Movant has the burden of establishing that any new grounds raised in his successive motion could not have been asserted in his first motion. *Warren v. State,* 637 S.W.2d 842, 843 (Mo.App.1982). Movant not only failed to meet his burden but denied in his petition that he had previously filed a Rule 27.26 motion. Since his

first motion was filed after the decision of *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978), we will consider movant's appeal because a review of the record indicates that movant's first Rule 27.26 motion may have been without the aid of counsel.

Movant first contends that he was denied effective assistance because his appeal was dismissed without his permission or authority. On June 10, 1977, movant was sentenced in St. Louis County to five consecutive terms of five years for the convictions of robbery in the first degree and one consecutive and four concurrent terms of three years for the convictions of armed criminal action. In addition he pled guilty and was sentenced to concurrent terms on other unrelated charges. After sentencing, but before filing the notice of appeal on June 20, 1977, Robert Meyers, an attorney with Shaw, Howlett & Schwartz, the firm that represented movant in the St. Louis County proceeding, met with movant to discuss certain alternatives before filing an appeal. At this time, movant had several criminal charges pending in St. Charles County. Movant contends that he told Meyers that he would pursue an appeal unless the sentences imposed for the charges pending in St. Charles County were concurrent to the sentences he had received for the St. Louis County convictions.

On July 28, 1977, James Knappenberger, also with Shaw, Howlett & Schwartz, sent a letter to movant stating that the St. Charles prosecuting attorney's office had indicated that they were willing "to recommend that your sentences on the charges pending against you there be run concurrently with those you are now serving, if you are willing to drop your appeal on the St. Louis County charges." Knappenberger enclosed a statement for the movant to sign which would authorize the dismissal of the appeal.

Darrill S. Beebe, movant's appointed counsel in the St. Charles County cases, explained to movant that the waiver of the appeal was a condition precedent to the prosecutor's recommendation of concurrent time in the St. Charles action, and that any recommendation by the prosecutor was not binding on the court. On October 3, 1977, movant pled guilty to charges pending against him in St. Charles County. Prior to sentencing on October 3, 1977, movant signed the statement enclosed in the July 28, 1977 letter from Knappenberger authorizing the dismissal of the appeal in exchange for the recommendation of concurrent sentences by the prosecuting attorney in St. Charles County. Movant was sentenced to a twenty-eight year term to run concurrently with the challenged St. Louis County sentences and was also sentenced to a consecutive term of five years. Movant's appeal was dismissed on October 19, 1977.

Movant first contends that it was his understanding that the appeal would not be dismissed unless the sentences he received in St. Charles County were concurrent with and not greater than his St. Louis County sentences. There was evidence adduced at the hearing on the motion which was supportive of and contrary to movant's contention. It is the trial court that serves as arbiter of the credibility of the witnesses. *Hampton v. State,* 558 S.W.2d 369, 370 (Mo. App.1977). After reviewing the trial court's findings, conclusions, and judgment, we find, based on the record, that they are not clearly erroneous. Movant's first contention is denied.

Movant next contends that his conviction was a nullity because Rule 24.04 (now Rule 23.05) which allowed the joinder of offenses for which he was convicted, was unconstitutional. Movant has neither a federal constitutional right nor a state constitutional right to have the offenses severed for separate trials. *State v. Baker,* 524 S.W.2d 122, 126–127 (Mo. banc 1975); *Sullivan v. State,* 617 S.W.2d 562, 564 (Mo.App. 1981). Movant's second point is denied.

Thirdly, movant asserts that his original trial counsel was ineffective for failing to file a motion for severance of the ten counts pending against him. At the evidentiary hearing, movant's original counsel, Allan Goodloe, testified that "[i]n my opinion, it (severing) would be a really stu-

pid thing to do in this case .... The case involved five Robberies [sic] that all occurred in one night, and each one was a hotel or motel, and in each incident, the teller, or the young lady was going to have difficulty identifying the defendant, and rather than give the prosecutor five tries to get a witness lined up to identify him, it would be better to give them one shot at it, going all or nothing, and hope that you could do a good job for your client and get a not guilty."

Since movant's counsel fully weighed the factors of severing the charges against movant, we will not second guess his tactical decision. *Smith v. State,* 628 S.W.2d 393, 395 (Mo.App.1982). Movant's point is without merit.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.