Richard BROWN, Movant,

v.

STATE of Missouri, Respondent.

No. 47519.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 29, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 8, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Debra B. Arnold, Public Defender, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his second Rule 27.26 motion without an evidentiary hearing. We affirm.

In 1965, movant was convicted by a jury of first degree murder and was sentenced to life imprisonment. His conviction was affirmed in *State v. Brown,* 404 S.W.2d 179

(Mo.1966), and a complete recitation of the facts is contained therein. For the purposes of the current appeal, it suffices to say that movant, then age fifteen, and others were alleged to have beaten and kicked the deceased, and finally struck him with a cluster of bricks and mortar weighing approximately ninety pounds.

Movant filed a Rule 27.26 motion seeking to vacate his sentence. His motion was denied after an evidentiary hearing; this denial was affirmed on appeal. *Brown v. State,* 461 S.W.2d 743 (Mo.1971).

■ In his second motion, movant claims that he was improperly denied assistance of counsel at the juvenile proceedings which certified him to stand trial as an adult and that no specific reasons were given for the court's order relinquishing juvenile jurisdiction. The trial court denied this motion without an evidentiary hearing, observing that this was movant's second 27.26 motion and thus his complaints could have been raised earlier. Rule 27.26(d).

Initially, we note that from our reading of applicable case law, it does not appear that movant is entitled to relief on this ground. The cases cited by movant were decided subsequent to movant's trial, *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *Jefferson v. State,* 442 S.W.2d 6 (Mo.1969), and by our interpretation, were not intended to have retroactive effect. *See Jefferson v. State,* 442 S.W.2d at 12, n. 2.

■ Furthermore, successive motions for post-conviction relief are prohibited by Rule 27.26(d) when the grounds alleged are new but could have been raised in the previous Rule 27.26 motion. *Willen v. State,* 648 S.W.2d 134, 135 (Mo.App.1983); *Burnside v. State,* 600 S.W.2d 157, 158 (Mo.App.1980). Movant has the burden of establishing that any new grounds raised in his successive motion could not have been asserted in his first motion. *Willen v. State,* 648 S.W.2d at 135; *Burnside v. State,* 600 S.W.2d at 158. Here, movant claims that he failed to raise his contention earlier because he was not versed in the

law. However, a lack of legal knowledge on the part of the movant does not excuse his failure to present known facts in a previous motion. *Warren v. State,* 637 S.W.2d 842, 843 (Mo.App.1982); *Burnside v. State,* 600 S.W.2d at 158.

Here the facts were fully known to movant; he was well aware at the time he filed his first motion that he was not represented by counsel at the juvenile proceedings. *Burnside v. State,* 600 S.W.2d at 158. Indeed, his original appeal and first Rule 27.26 motion both alleged, *inter alia,* that his statement to police was involuntary because it was made without the benefit of counsel. Under the circumstances, the court did not err in denying the motion.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.