**Charles Elmer MARTIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 47838.

Missouri Court of Appeals,
Eastern District,
Division Six.

June 5, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Nancy Narrow, Public Defender, Benton, for appellant.

John Ashcroft, Atty. Gen., Robert L. Swearingen, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant-defendant Charles E. Martin appeals the summary denial of his *second* Rule 27.26 motion.

Martin had originally been indicted for capital murder. Thereafter upon plea bargaining the state filed its information reducing the original capital murder charge

to the lesser offense of first degree murder, and also charged defendant with armed criminal action. To these two charges defendant pled guilty and was sentenced to consecutive life terms.

Defendant then filed his *first* Rule 27.26 motion. The motion court granted it as to the armed criminal action charge but summarily denied it as to the first degree murder charge.

Thereupon defendant filed this *second* Rule 27.26 motion to vacate the murder conviction, again alleging ineffective assistance of counsel. The motion court summarily denied this second motion on the ground the record of the original Rule 27.-26 motion refuted defendant's re-asserted challenge of ineffective counsel. Defendant has appealed.

Here, defendant claims for two reasons that he was entitled to an evidentiary hearing on his second motion. First because his trial counsel was ineffective in several particulars. The hearing court denied this on grounds stated in *Burnside v. State*, 600 S.W.2d 157 (Mo.App.1980) where the court tersely ruled:

"Rule 27.26(d) provides that a second or successive motion shall not be entertained by the court where the ground presented ... could have been raised in the prior motion pursuant to 27.26(c)."

So it is here.

Second, defendant points to the original indictment which had charged capital murder, reduced in the information to first degree murder. He contends this was void because no warrant was issued for the new charge. Defendant's cited cases do not so hold. As ruled by the motion court, reducing the charge from capital murder to first degree murder did not change the substance of the homicide charge.

We find no error in the motion court's summary denial of defendant's second motion for post conviction relief.

Affirmed.

DOWD, P.J., and PUDLOWSKI, J., concur.