PER CURIAM:
Taylor appeals the denial of his pro se Rule 27.26 motion to vacate and set aside his conviction for kidnapping. His Rule 27.26 motion alleges ineffective assistance of counsel at his guilty plea proceedings.
The judgment is reversed and the case is remanded for further proceedings.
*277 Pursuant to a plea agreement, Taylor pled guilty to a charge of kidnapping in exchange for the dismissal of a charge of robbery first degree. Taylor was told that the court would order a pre-sentence investigation but that he could be sentenced to a maximum of twelve years imprisonment. Probation was denied and Taylor was sentenced to serve ten years.
Taylor filed his first Rule 27.26 motion in December 1982, alleging ineffective assistance of counsel at the guilty plea proceedings. The brief states that counsel was appointed, an evidentiary hearing was held and the motion was denied. The June 3, 1983 Order stated: “Plaintiffs Rule 27.26 Motion is denied. Plaintiff failed to carry forward his burden of proof as required by said rule.”
In March 1986, Taylor filed his second Rule 27.26 motion, also alleging ineffective assistance of counsel. The hearing court again denied the motion, stating in the May 17, 1985 Order: “Plaintiffs Rule 27.26 Motion is denied. Plaintiff failed to carry forward his burden of proof as required by said Rule.”
A copy of Taylor’s first Rule 27.26 motion was obtained by this court. A comparison of the two motions revealed that they are almost identical. Both motions generally allege ineffective assistance of counsel on the basis of a plea agreement which did not come to fruition.
Neither motion contained a recitation of the facts supporting the allegation of ineffective assistance of counsel and neither motion appears to have been amended.
Pursuant to the holding in Fields v. State, 572 S.W.2d 477, 483 [2,3] (Mo. banc 1978) counsel is to be appointed in all cases where a pro se Rule 27.26 motion is filed by an indigent movant. Rule 27.26(h). The counsel’s obligation includes amending the motion, if necessary, to correctly allege the grounds that movant has attempted to state in his pro se motion.
Appellant’s brief states that Taylor was appointed counsel for his first Rule 27.26 motion. However, the motion itself fails to set out the facts on which the motion rests, indicating that either counsel was not appointed or that appointed counsel did not actively participate and failed to adequately amend the motion.
The June 3, 1983 Order did not mention whether counsel was appointed and the findings are deficient in other regards.
The standard for review of a denial of a Rule 27.26 motion is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Turner v. State, 669 S.W.2d 642, 644[6] (Mo.App.1984). It therefore follows that the findings must be sufficient to provide this court a meaningful appellate review. Smith v. State, 663 S.W.2d 248, 249 (Mo.App.1983). The Smith court held that a similar finding, “that Movant has completely failed to carry his burden of proof on the issue of volun-tariness,” was insufficient to enable the court to ascertain whether movant satisfied the contentions alleged in his Rule 27.26 motion.
Although the present appeal is from the denial of Taylor’s second motion and Rule 27.26(d) does not permit a movant to bring successive motions on the same grounds, we will consider Taylor’s appeal of the second motion because it appears that he may have been without the aid of counsel at his prior motion. Such a review is supported by case law. Willen v. State, 648 S.W.2d 134, 135-36[1, 3] (Mo.App.1983).
The Willen court had the benefit of sufficient findings of fact and conclusions of law and adequate court records with which to determine the correctness of the trial court’s findings. We have not been likewise blessed. We therefore reverse and remand the case to the trial court for a determination of whether Taylor was provided counsel at the prior Rule 27.26 motion as required, and to enable the trial court to make specific findings which will permit this court to determine whether Taylor has met his burden of proof.