**Rickey Lee VAUGHN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 38793.**

Missouri Court of Appeals,
Western District.

June 9, 1987.

Sean D. O'Brien, Public Defender, Justine E. Del Muro, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before GAITAN, P.J., and
MANFORD and NUGENT, JJ.

**PER CURIAM.**

Upon revocation of his probation and execution of the sentences in two separate cases, Vaughn filed a Rule 27.26 motion seeking post-conviction relief. The convictions were based upon guilty pleas which Vaughn now claims were involuntarily induced by trial counsel's assurances that he would receive concurrent sentences on the two charges whereas the sentences were, in fact, ordered to run consecutively. The trial court, finding Vaughn's alleged misapprehension regarding the running of the sentences to be refuted by the record, denied the motion without an evidentiary hearing and without appointment of counsel. Vaughn now appeals. For the reason set forth below, we conclude that the judgment must be reversed.

In overruling Vaughn's motion, the trial court stated, *inter alia*, that: "When it would be apparent to any objective person that a claim under Rule 27.26 is frivolous, the court need not ... appoint an attorney in order to postpone the inevitable." While this would be an accurate statement of the law applicable to a successive motion subject to summary denial under Rule 27.26(d), *see Burnside v. State,* 600 S.W.2d 157, 159 (Mo.App.1980), it was not appropriately employed in the case at bar.

Unlike at the trial court level, Vaughn was provided with appointed representation on appeal. In the brief filed on his behalf, counsel noted the trial court's failure to appoint an attorney during the pendency of the motion, but she did not challenge such failure as error. Nevertheless, because we find this matter to constitute plain error dispositive of the appeal, it has been considered *sua sponte.*

In *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978), the Supreme Court adopted a per se rule for the appointment of counsel for indigent *pro se* Rule 27.26 movants. Accordingly, Rule 27.26(h), which had previously required appointment of counsel for an indigent prisoner only if the motion presented questions of law or of fact, was amended to require immediate appointment of counsel upon the filing of such motion without regard to the matters

raised by the pleadings. Thus, except as discussed in *Burnside, supra,* where a successive motion is summarily denied under Rule 27.26(d), appointment of counsel is absolutely required.

In *Fields,* 572 S.W.2d at 482–43, the court noted that finality is a central aspect of Rule 27.26 and that the appointment and assistance of counsel in accordance with Rule 27.26(h) are important factors in enabling a strong measure of finality to be given to the trial court's ruling in post-conviction relief proceedings. It is the requirement under Rule 27.26(c) that every possible ground for relief known to the prisoner be raised in a single motion that warrants the preclusion of repetitive motions seeking relief on the basis of grounds which were nor could have been raised in the prior motion. And, as noted in *Fields, supra,* an attorney is the best person to determine whether all such grounds have been properly presented and to amend the motion if necessary to satisfy that requirement.

Here, the record indicates that Vaughn, an indigent, was presenting his first Rule 27.26 motion. Consequently, he was entitled to the appointment and assistance of counsel and the opportunity to file an amended motion. The court's summary denial of the motion deprived Vaughn of those rights and constituted reversible error. *Owens v. State,* 662 S.W.2d 323 (Mo. App.1983).

Due to the resolution of this matter, consideration of the points actually raised on appeal would be superfluous and will, thus, be omitted.

The judgment is reversed and the case remanded for compliance with Rule 27.26(h).