Raymond Dale NEAL,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16251.

Missouri Court of Appeals,
Southern District,
Division Two.

April 30, 1990.

David Robards, Joplin, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

Appellant was convicted of selling marihuana, and his conviction was affirmed on appeal. *State v. Neal*, 624 S.W.2d 182 (Mo. App.1981). He then filed a motion under former Rule 27.26, seeking to vacate the conviction. Following an evidentiary hearing the trial court denied the motion. On appeal all of appellant's points except point IV were denied. It was determined on appeal that to rule on that point two addi-

tional findings were required. The case was remanded to the trial court for that purpose. *Neal v. State*, 669 S.W.2d 254 (Mo.App.1984).

In his first motion to vacate, the appellant asserted that he was denied effective assistance of counsel at his criminal trial because R——, his trial counsel, had interests conflicting with the appellant's inasmuch as the attorney " 'was being investigated for dealing in drugs, implicated by the very witness that was testifying against the appellant, and as such counsel did less than he could' " in several respects. The witness was Miles Copher. On remand the motion court was directed to find:

"1. Did R——, either alone or jointly with others, purchase cocaine from Copher in 1979, as related by Copher in his statement of February 15, 1980, and in his testimony at the 27.26 hearing?

2. If the finding on issue 1 is no, did R—— know, prior to Neal's trial, that Copher had said in his statement of February 15, 1980, that he (Copher) had sold cocaine to R—— in 1979?"

Upon remand the motion court heard additional evidence. It entered an order finding:

"3. That R——, did not, either alone or jointly with others, purchase cocaine from Copher in 1979, as related by Copher in his statement of February 15, 1980 and in his testimony at the 27.26 hearing.

4. That R—— did not know, prior to Neal's trial, that Copher had said in his statement of February 5, [sic] 1980, that he (Copher) had sold cocaine to R—— in 1979."

The appellant again appealed and the judgment of the motion court entered after remand was affirmed. See *Neal v. State*, 703 S.W.2d 570 (Mo.App.1986). On April 24, 1987, appellant filed a second motion to vacate his conviction pursuant to former Rule 27.26, averring in paragraph 6 that:

"6. The judgment of conviction should be vacated or set aside because the prosecuting attorney failed to disclose to Movant or Movant's trial counsel the specific allegations against Movant's trial counsel made by Miles Copher, the State's witness, in his statement dated February 15, 1980, and knowingly, willfully, and intentionally suppressed such evidence even though a timely written request to disclose all exculpatory evidence was made upon him and he had a duty to disclose such information."

The principal and dispositive question tried in this second post-conviction proceeding was whether the appellant could have raised the claim of error set out in paragraph 6 in the first motion to vacate. Former Rule 27.26(c)[1] required that a motion filed under the rule include every ground known to the movant for vacating, setting aside or correcting his conviction and sentence and required each movant to verify that he had recited all claims known to him. Paragraph (d) prohibited the sentencing court from entertaining a second motion for relief when the ground presented was new but could have been raised in the prior motion and placed the burden on the movant to establish that any new ground raised in the second motion could not have been raised in the prior motion. *Futrell v. State*, 667 S.W.2d 404, 405–06 (Mo. banc 1984); *Brown v. State*, 674 S.W.2d 578, 579 (Mo.App.1984); *Willen v. State*, 648 S.W.2d 134, 135 (Mo.App.1983); *Burnside v. State*, 600 S.W.2d 157, 158 (Mo.App.1980). In this second proceeding under former Rule 27.26, the motion court found as facts:

"1. That [the appellant] became aware of the accusations made against one of his retained counsel by the principal state witness against him before the conclusion of his first hearing on his motion for relief under Rule 27.26 and made no complaint to this Court.

2. That very probably the [appellant] knew of the accusations by the principal

---

1. In this case, sentence was pronounced prior to January 1, 1988, the effective date of present Rule 29.15, and a prior motion under former Rule 27.26 was pending prior to January 1, 1988. This appeal is therefore governed by the law applicable to post-conviction proceedings brought pursuant to former Rule 27.26. Rule 29.15(m).

state witness while he was incarcerated in the Jasper County Jail before he appeared with retained counsel for his sentencing.

\* \* \* \* \* \*

6. That [appellant's] first complaint to the Court of [the State's failure to disclose Copher's accusations] was made at a hearing held in compliance with the mandate of the Court of Appeals [in *Neal v. State*, 669 S.W.2d 254] requiring this Court to make findings in answer to two questions on rehearing.

\* \* \* \* \* \*

8. That pursuant to applicable Rules of the Supreme Court and the law this Court has no jurisdiction to grant [the appellant] any further hearing or relief...."

■ Our review is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Futrell v. State*, 667 S.W.2d at 405. A long recitation of the evidence which supports the motion court's conclusions would serve no useful purpose. We have read the pertinent parts of the record and find that they amply support the motion court's findings. Accordingly, the judgment is affirmed.

FLANIGAN, P.J., and MAUS, J., concur.