**Delbert CROSSWHITE, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 54034.**

Supreme Court of Missouri,
Division No. 2.

March 10, 1969.

T. B. Russell, Charleston, for appellant.

Norman H. Anderson, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

This is a second motion filed by appellant under Supreme Court Rule 27.26, V.A.M.R. The first motion was ruled adversely to appellant in Crosswhite v. State,

Mo., 426 S.W.2d 67, wherein he sought the same relief: to vacate a sentence to life imprisonment on a charge of first degree murder entered July 23, 1937.

The present motion realleges the same matters contained in the first motion, and ruled in Crosswhite v. State, supra, except possibly two: That the hearing on the motion was not conducted in open court; and the testimony of appellant's brother, Frank Crosswhite, given on the hearing of the motion, that he talked with appellant and they decided that the best thing to do was to plead guilty, was not his testimony, "was misunderstood by the Court Reporter, or was mistakenly stated, and is not part of the case at all." The matters previously ruled will not be here reconsidered, because they are res adjudicata. Supreme Court Rule 27.26(d).

Considering the additional matters alleged, it is obvious that they do not go to anything about the validity of appellant's original plea of guilty or anything that happened during sentencing or otherwise at that time. This is at best an attack on the validity of appellant's hearing on April 11, 1967, on his first motion under Rule 27.26, by reason of alleged "trial error" therein. Rule 27.26 is not applicable to any alleged irregularity in a hearing under that same rule. The remedy would be by appeal, and the matters of lack of an open court hearing and mistakenly recording testimony therein should have been presented on the appeal. The appeal here, Crosswhite v. State, supra, had no such issues, and the judgment is final.

Although the trial court did take evidence on appellant's allegations, and made a finding against him, he did indicate that he felt that these additional matters were such as could have been raised on the first appeal of April 11, 1967 (on the first motion).

The judgment is affirmed.

BARRETT, C., concurs.

STOCKARD, C., not sitting.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

FINCH, P. J., and DONNELLY, MORGAN and HOLMAN, JJ., concur.