**STATE of Missouri, Respondent,**

v.

**William Prell BRIZENDINE, Appellant.**

**No. 53078.**

Supreme Court of Missouri,
En Banc.

Oct. 13, 1969.

Norman H. Anderson, Atty. Gen., John C. Klaffenbach, Gerald L. Birnbaum, Asst. Attys. Gen., Jefferson City, for respondent.

J. Arnot Hill, J. Whitfield Moody, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

DONNELLY, Judge.

In 1966, the United States Congress enacted Section 2254, Title 28, United States Code, which reads in part as follows: "(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

This opinion is filed in the records of this Court because the people of Missouri are entitled to know that the effect of this statute, as evidenced by the action of the Federal judiciary in this case, is to make this Court subservient to the *trial courts* of the Federal judicial system in cases involving violations of the criminal laws of this State.

Appellant, William Prell Brizendine, was convicted of murder in the first degree in the Circuit Court of Jackson County, Missouri, and was sentenced to life imprisonment. On appeal, the conviction was affirmed. State v. Brizendine, Mo.Sup., 391 S.W.2d 898.

On November 12, 1966, appellant filed a motion to vacate judgment under S.Ct. Rule 27.26, V.A.M.R. An evidentiary hearing was held in the Circuit Court of Jackson County, Missouri, and appellant's motion to vacate judgment was denied. On appeal, the judgment of the trial court was affirmed. State v. Brizendine, Mo.Sup., 433 S.W.2d 321.

Appellant then sought Federal habeas corpus relief in the United States District Court for the Western District of Missouri.

On August 11, 1969, over the signature of John W. Oliver, District Judge, an opinion was filed reaching conclusions contrary to those reached by this Court, and the following order was entered:

"ORDER

For the reasons stated, it is

Ordered that petitioner be released from his present confinement in the Missouri Department of Corrections and be permanently discharged from custody at the end of ninety (90) days from the date of this order, unless within that time the affirmance of petitioner's conviction is set aside and declared to be invalid and the state trial court is appropriately directed to grant petitioner a new trial. It is further

Ordered that an appropriate order shall be entered by the state trial court within the said ninety (90) day period which shall set the date upon which an appropriate competency to stand trial hearing will be held, and if, but only if, petitioner is judicially found to be competent to stand trial at such hearing, the date upon which said trial shall commence. It is further

Ordered that nothing stated in this opinion or order shall be construed as any limitation on petitioner's right to assert any defense available to an accused in the event petitioner is judicially determined to be competent to stand trial and the case is thereafter tried on the merits. It is further

Ordered that this Court retain jurisdiction of this cause pending further developments. The Office of the Attorney General shall keep this Court advised of any and all action taken by the State of Missouri in connection with this order and shall, if necessary, make appropriate application for any extension of the ninety (90) day period of time above provided before the expiration of said period. No extension will be granted except for good cause shown which shall be stated with particularity in any application filed." 302 F.Supp. 1011.

We continue to adhere to the views expressed by this Court in State v. Brizendine, Mo.Sup., 433 S.W.2d 321. We comply with the order of August 11, 1969, only because, if appellant is *presently* incompetent, he should not be permanently discharged from custody, as threatened, and permitted to endanger society.

The judgment of affirmance is set aside, the judgment of the trial court is reversed, and the cause is remanded for new trial.

HENLEY, C. J., and FINCH, STORCKMAN and HOLMAN, JJ., concur.

SEILER, J., concurs in result in separate concurring opinion filed.

MORGAN, J., concurs in result and concurs in separate concurring opinion of SEILER, J.

SEILER, Judge (concurring in result).

I respectfully observe that the federal habeas corpus act permits an appeal. An appeal from Judge Oliver's decision (if it were though to be in error) could have been taken by the state attorney general to the federal court of appeals and then by appeal or certiorari to the United States Supreme Court if necessary. The resolve whether to take such an appeal is up to the attorney general, not us. Instead, the attorney general filed with us a motion asking us to vacate our judgment. The point is, the decision of the federal district court was not necessarily final and it overstates the situation to declare the congressional statute, Sec. 2254, Title 28, U.S.C.A., makes us "subservient" to the federal *trial courts.*

In considering whether the effect of the statute is as baneful as the majority contend, it is helpful to me to keep firmly in mind that we, as well as the federal courts, are dealing here with the rights of the defendant under the Constitution of the United States.[1] As to these, the United States Supreme Court, under the Supremacy Clause and the Fourteenth Amendment, not the federal district courts, has the final word, binding on us and all other courts. This fact of life does not, it seems to me, cause us to be "subservient" in any improper sense.

For these reasons, I respectfully am unable to agree with the assertions of the principal opinion, but do concur with the result reached in the setting aside of the affirmance, reversal of judgment of the trial court, and the remand for a new trial.

---

1. In the present case, for example, Judge Oliver concluded defendant was entitled to relief " * * * on two separate and independent grounds: (1) the federal standards enunciated in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed. 2d 815 (1966), although recognized by the Supreme Court of Missouri, were not properly applied to the undisputed factual situation presented; and (2) petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States." See Brizendine v. Swenson, 302 F.Supp. 1011, decided August 11, 1969.