John W. BROWN, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD29713.

Missouri Court of Appeals, Kansas City District.

Nov. 27, 1978.

John E. McKay, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SHANGLER, Presiding Judge.

This appeal comes from denial of a Rule 27.26 motion to vacate judgment and sentences of two consecutive terms of fifteen years on counts of rape and sodomy. The direct appeal from the convictions was upheld by this court in *State v. Brown*, 525 S.W.2d 565 (Mo.App.1975) but the cause was remanded for resentence under the principle of *State v. Baker*, 524 S.W.2d 122 (Mo.banc 1975) that whether sentences for convictions of multiple offenses shall be made to run consecutively or concurrently is a matter of discretion of the trial court and not of mandatory rule. On remand, consecutive sentences were once again imposed.

█ At the hearing, the movant alleged eleven grounds for vacation of the judgments, all of which were ruled adversely to contentions. He appeals from seven of the rulings and, additionally, by supplemental brief asserts two criticisms of the conduct of counsel on the Rule 27.26 hearing. The rule, by the very terms, intends only a means to attack a criminal conviction and limits the remedy to test the validity of the sentence entered upon the conviction. A petition under Rule 27.26 asserts a claim of right to release because the sentence was imposed in violation of law. The contentions of a movant that the conduct of counsel at the trial for the criminal offense deprived him of effective representation, of course, assert infraction of the Sixth Amendment right to have assistance of counsel for defense to a criminal prosecution and comes within the efficacy of the rule. The contentions of a movant, however, that counsel at a Rule 27.26 proceeding was ineffective does not attack conduct in a criminal case nor a defect in the original conviction or sentence and so is beyond the scope of the remedy. *Neal v. State*, 569 S.W.2d 388, 389[2–5] (Mo.App.1978); *McCormick v. State*, 502 S.W.2d 324, 326[2, 3] (Mo.1973).

The contention of error which remains relates to seven instances of lapses in the effectiveness of trial counsel in the conduct of the defense which, all considered, demonstrate an unfair conviction to be redressed by vacation of sentence and grant of new trial. *Johnson v. State of Missouri*, 516 S.W.2d 500, 501[2] (Mo.App.1974).

█ The first incidence of complaint relates to failure of counsel to object to the numerical insufficiency of the venire from which the jury was drawn. There was no evidence produced on this contention at the evidentiary hearing on the motion and the record does not otherwise bear on that matter. The determination by the trial court that the movant failed his burden of proof on that issue is affirmed. *McCrary v. State*, 529 S.W.2d 467, 470[1, 2] (Mo.App. 1975).

█ The second contention relates to failure of trial counsel to object to certain hearsay testimony by a police officer that

the victim had identified the defendant at a lineup. That colloquy came into evidence during examination by the prosecutor of Detective Steen who conducted the lineup. In response to the question: "And without telling me who, was Mrs. Berry [the victim] able to make an identification?" The officer answered, "Yes sir, she positively identified the defendant." The apparent purpose of this evidence was to corroborate the testimony of Mrs. Berry that defendant was the person who had ravished her, offered for the truth of the matter asserted, and although unresponsive to the question, was nevertheless hearsay. On the direct appeal of conviction, the defendant raised the issue as plain error, but that contention was denied by this court. *State v. Brown, supra*, 525 S.W.2d l.c. 567[3]. Whether the lapse constituted ineffective assistance of counsel remains another matter.

We note that trial counsel was summoned as a witness at the Rule 27.26 hearing but not interrogated as to his purpose to let the testimony go by without objection. However, undiscerned or improbable, the failure to object may have been an intentional strategy, but that should not be a matter for our speculation when that determination was discoverable but neglected at the hearing on the motion. We do not rest our rejection of this issue on that basis altogether. The record shows independent evidence that the victim identified the defendant at a lineup. The nature of the encounter was such that the victim and assailant were in the company of the other for more than half an hour and in the most intimate circumstances. The identification of the defendant by the victim was both positive and detailed and thoroughly described the features of the assailant as well as his garb. This identification was corroborated by the reception as an exhibit of a distinctive pair of shoes described independently by the victim as those worn by her attacker and seized from the person of the defendant upon his arrest on the day of the event.

The hearsay evidence given by Detective Steen, therefore, was only corroborative of the identification firmly made by the victim and was not otherwise of the quality, all the evidence considered, calculated to "tip the scales against the defendant"—and so prejudicial. *State v. Degraffenreid*, 477 S.W.2d 57, 64, 65[14–15] (Mo.banc 1972). The evidence of guilt was sufficiently strong and the identification of the defendant as the culprit sufficiently confirmed independently that even were failure to object to the hearsay identification testimony evidence of ineffective counsel, the error was harmless. *Morris v. State*, 547 S.W.2d 827, 829[5] (Mo. App.1976).

The third contention involves a question of fact ruled by the trial court against the movant on disputed evidence and so finally resolved against him. The defendant contended that trial counsel failed to interview or undertake to locate witnesses for his alibi defense. Counsel testified that he did indeed investigate and consult with all witnesses made known to him, that his investigators attempted to find the solitary witness not interviewed, but without avail. The trial court determination of that fact issue against the movant was on substantial evidence and will not be disturbed. *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976).

The fourth instance of ineffectiveness of counsel is asserted as the failure to object to the display to the jury of the arrest records of the defendant. This contention is utterly without basis in the evidence both at the trial and at the post-conviction proceeding. The trial court ruled properly that the movant had failed his burden on the issue.

The fifth contention fails for the same reason: no evidence was adduced to support the claim that trial counsel was ineffective for failure to object to communication during the criminal proceedings by the prosecutrix with "another potential prosecutrix." Whatever may be the prejudicial import of that assertion, it bears no relation to the trial as disclosed by the record.

The sixth contention was a disputed issue of fact found on substantial evidence against the movant, and thus conclusive upon us. The movant asserts that at the

preliminary hearing the prosecutrix at first was unable to identify him as her assailant and was induced to point him out by a ruse of the prosecutor, too convoluted for simple narration, but that defense counsel, although informed of this taint by the movant, failed to seek suppression of the identification evidence at the trial. The evidence on this point is only fleeting and was, in any event, denied by counsel. The court on the Rule 27.26 hearing did not believe the testimony of the movant on this issue and no reason appears to disturb that determination.

■ The seventh, and final, contention on the motion asserts that counsel was ineffective for failure to investigate and develop newly discovered evidence in the form of two letters received by trial counsel. One letter arrived after the jury verdict of guilt but before the motion for new trial was argued. The other arrived some five months later. The tenor of the letters was exculpatory to the movant. They were written by one who claimed to have committed the crimes. The first message directed where a pair of scissors—described by the victim as the assault weapon—was to be found and, where in fact they were then found. A fingerprint analysis of the letters proved unsuccessful. All of these events were reported to the trial court and known at the time sentence was imposed. Trial counsel discussed the information developed, but both were in agreement that the evidence was not of sufficient stature to require a new trial on the ground of newly discovered evidence.

There is no intimation as to what the second letter disclosed and although both communications were available as evidence on the Rule 27.26 procedure, neither was called. The police were requested by trial counsel to investigate some of the contents of the second letter [not disclosed], but refused. Nor did the movant show any undiscovered and valuable information to justify the court to conclude on the motion that movant was denied a fair trial by failure of trial counsel to make further investigation. To the extent the record discloses, trial counsel acted on the contents of the letters to the extent duty reasonably required. His investigator and the police followed the directions of the first letter to discover the assault weapon, and the refusal of the police to pursue whatever further lead the second letter suggested, absent more cogent inference of newly discoverable evidence, we must assume was a reasonable response—both by the police and counsel—that further effort would avail nothing significant. The means to make that proof was available to the movant by the mere production of the two letters. He has failed that simple burden. His contention on the motion, and now on appeal, for a new trial on the basis of dereliction of counsel to develop newly discovered evidence fails to prove the third criterion for such a remedy: that the evidence was so material that a new trial would probably acquit the defendant. *State v. Lee*, 492 S.W.2d 28, 32[9, 10] (Mo.App.1973). That the location of the assault weapon was known to one other than the defendant found guilty for its use does not imply by necessity the innocence of the defendant. The pair of scissors was the only evidence newly discovered; there is no indication of any other clue which the letters suggested. The criteria for a new trial on newly discovered evidence were not shown and the trial court correctly determined that ineffective assistance of counsel on that issue had not been proven. The evidence supports the judgment entered.

The judgment is affirmed.

All concur.