**James Edmond FLOWERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 62310.**

Supreme Court of Missouri,
En Banc.

July 14, 1981.

---

W. H. Winchester, III, Sikeston, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

In 1976 appellant Flowers pleaded guilty to a charge of assault with intent to kill with malice aforethought under § 559.180, RSMo 1969 and was sentenced to a term of twenty years. Later in 1976 Flowers filed two pro se motions, which were consolidated by the trial court and treated as a motion to vacate under rule 27.26. We will refer to this as the 1976 motion. These motions alleged police beatings, refusal to allow a telephone call or access to doctor or lawyer, and failure of appointed counsel to consult with him prior to trial. After a hearing, these motions were overruled, December 2, 1976.

Flowers, pro se, filed a timely notice of appeal. He was given leave to proceed as a poor person and counsel was appointed to handle the appeal. However, nothing further was done on the appeal and in 1977 it was dismissed by the court of appeals, southern district.

In 1978, the trial court granted Flowers leave to file a successive motion under 27.-26. We will refer to this as the 1978 motion. Among the grounds raised in this motion was the charge that prior counsel had failed to perfect the appeal from the denial of the 1976 motion. It is to this charge that we address ourselves. The 1978 motion was also denied by the trial court and the denial was affirmed on appeal by the court of appeals. We granted Flowers' application for transfer.

In *Morris v. State*, 603 S.W.2d 938 (Mo. banc 1980), this court discussed the different considerations involved in determining the issue of alleged ineffectiveness of counsel in proceedings before the appellate courts as contrasted to the case where counsel simply fails to perfect the appeal. The *Morris* case points out the unique vantage of the appellate court in the first situation, quoting from *Hemphill v. State*, 566 S.W.2d 200, 208 (Mo. banc 1978), that " 'It is there the briefs are presented, argument heard and the effect of the conduct of appellate counsel as it bears on the issue of "ineffective assistance" may best be determined,' " 603 S.W.2d at 940. In such cases, a motion to recall the mandate is appropriate.

However, where the claim is that counsel did not perfect the appeal, *Morris* points out

that no special vantage resides in the appellate court, that "a question central to appellant's 27.26 claim remains unanswered on the face of the motion: whether appellant's counsel abandoned appellant on appeal or whether appellant indicated he did not wish to pursue the appeal?" *Id.* at 940. In such circumstances, jurisdiction lies in the trial court to hear and determine the 27.26 motion. An evidentiary hearing is required, which the trial court is best suited to handle.

Rule 27.26(d) forbids second or successive motions where the ground raised in the second motion was raised in the prior application or where it could have been raised in the prior motion. Neither stricture applies here. It was not possible for Flowers to have raised in his 1976 motion the ground that his lawyer would abandon him on the appeal therefrom. Permitting Flowers to have a determination of whether he should be permitted to proceed with his first and only appeal from the denial of his original 27.26 motion does not establish any unsound precedent or open the door to endless successive claims. Flowers is not asserting an absurd or patently meritless claim. It is undisputed that his appeal was dismissed and he blames it on the failure of his appointed counsel to proceed. Flowers is not attempting to raise in the 1978 motion now before us the same or essentially the same points as raised in his 1976 motion.

The judgment dismissing the 1978 motion is reversed and the cause is remanded to the trial court with directions to conduct an evidentiary hearing and to make findings of fact and conclusions of law on whether Flowers' counsel abandoned him on appeal from the denial of the 1976 motion or whether Flowers indicated he did not wish to pursue, or waived, the appeal. If the trial court finds the former, then the court should vacate the 1976 judgment and enter a new judgment therein, with the time for appeal commencing to run from the date thereof. If the trial court finds the latter, then the 1976 judgment should remain undisturbed and the court should enter judgment against Flowers in the present case.

RENDLEN and MORGAN, JJ., concur.

BARDGETT, J., concurs in separate concurring opinion filed.

WELLIVER and HIGGINS, JJ., concur and concur in separate concurring opinion of BARDGETT, J.

DONNELLY, C. J., dissents in separate dissenting opinion filed.

BARDGETT, Judge, concurring.

I concur in the principal opinion; however, I do not want to be understood as rejecting consideration of the proposed rule set out in the dissenting opinion of Donnelly, C. J. I will certainly give consideration to that proposal in due course.

DONNELLY, Chief Justice, dissenting.

I respectfully dissent.

The question in this case is whether the holding of *Morris v. State*, 603 S.W.2d 938 (Mo. banc 1980), should be extended to a situation, as here, where movant complains that his attorney did not perfect his appeal from denial of a prior 27.26 motion. I think not. To borrow from Judge Wasserstrom in *Williams v. State*, 507 S.W.2d 664, 666 (Mo.App.1974):

> "Were a prisoner permitted to challenge the effectiveness of his legal counsel at the first 27.26 hearing by means of filing a second 27.26, then he could likewise challenge his representation at the second hearing by filing a third 27.26, and so on ad infinitum. That patent absurdity would intolerably clutter the courts and would reduce the whole legal process to ridicule."

*See also McCormick v. State*, 502 S.W.2d 324 (Mo.1973); *Huffman v. State*, 487 S.W.2d 549 (Mo.1972); and *Crosswhite v. State*, 438 S.W.2d 11 (Mo.1969).

Further, I submit the following observations with respect to the topic of post-conviction relief:

In 1963, the United States Supreme Court evidenced its view that state court *judges* could not be trusted to protect the rights given the people of their states by the Constitution of the United States. *See Townsend v. Sain*, 372 U.S. 293, 312, 318, 83 S.Ct. 745, 756–57, 760, 9 L.Ed.2d 770 (1963).

In 1964, Judge Hollingsworth of this Court sought to make our Rule 27.26 (as it then existed) effectual by requiring evidentiary hearings on motions to vacate sentences. *See State v. Pickel*, 376 S.W.2d 181 (Mo.1964), and *State v. Herron*, 376 S.W.2d 192 (Mo.1964).

In 1966, the *Pickel-Herron* requirement of an evidentiary hearing was reasserted. *See State v. Gee*, 408 S.W.2d 1 (Mo.1966).

In 1967, this Court promulgated its present comprehensive Rule 27.26 in an attempt to preserve "the delicate balance of federalism so foremost in the minds of the Founding Fathers and so uniquely important in the field of law enforcement." *Fay v. Noia*, 372 U.S. 391, 445, 83 S.Ct. 822, 852, 9 L.Ed.2d 837 (1963) (Clark, J., dissenting). The attempt proved to be an exercise in futility. *See State v. Brizendine*, 445 S.W.2d 827 (Mo. banc 1969).

Finally, in 1979, the *coup de grace* was delivered—the United States Supreme Court rejected the presumption that trial jurors will act rationally and held "that in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no *rational* trier of fact could have found proof of guilt beyond a reasonable doubt." (Emphasis mine). *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560, *reh. den.*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979).

On the effective date of *Jackson, supra,* our Rule 27.26 insofar as it affected the proscriptions of the Constitution of the United States, ceased to serve a useful purpose; and, to that extent, rendered unconscionable the burden it placed on Missouri lawyers.

And, inevitably, on February 8, 1981, in a speech to an American Bar Association meeting in Houston, Texas, the Chief Justice of the United States declared that "crime has permeated the fabric of American life," and deplored the lack of finality in criminal prosecutions.

Of course, a person restrained of his liberty within Missouri in violation of the Constitution of the United States or the Constitution of Missouri may prosecute a writ of *habeas corpus. See* Rule 91. Further, a claim that a judgment of conviction was entered by a trial court in violation of the Constitution of the United States or the Constitution of Missouri must be entertained and determined in Missouri appellate courts on *direct appeal.*

However, a post-conviction remedy (such as Rule 27.26), which would give the "right to collaterally attack a final judgment of conviction," is not mandated by the Constitution of the United States. *United States v. MacCollom*, 426 U.S. 317, 323, 96 S.Ct. 2086, 2090, 48 L.Ed.2d 666 (1976). In this situation *in Missouri state courts,* I would limit the assertion of violations of the Constitution of the United States to *direct appeals* and *habeas corpus.*

I would repeal Rule 27.26 and would promulgate a new Rule 27.26 and a new Rule 27.27:

27.26 JUDGMENT AND SENTENCE UNLAWFUL—MOTION TO VACATE OR CORRECT—NOTICE TO DEFENDANT OF AVAILABILITY—FORM AND SCOPE OF MOTION—NOTICE OF PROSECUTING ATTORNEY—APPOINTMENT OF COUNSEL—HEARING—ORDER—EFFECT OF ORDER—APPEAL—UNTIMELY AND SUCCESSIVE MOTIONS.

A defendant under sentence for a felony who claims the judgment and sentence im-

posed *after trial* violate the Constitution and Laws of this State, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law, may file in the court which imposed such sentence a motion to vacate, set aside or correct said judgment and sentence.

(a) NATURE OF REMEDY. This Rule is intended to provide the exclusive procedure by which a defendant sentenced *after trial* may seek relief in the sentencing court on the basis of any of the attacks enumerated above.

(b) WHO MAY FILE. The provisions of this Rule may be invoked by a defendant, convicted on a trial, claiming the right to have the judgment and sentence vacated, set aside or corrected.

(c) NOTICE OF AVAILABILITY OF POST–JUDGMENT PROCEEDING. Immediately after pronouncement of sentence and entry of judgment, the court shall inform defendant of his right to file a motion hereunder attacking the validity of the judgment and sentence. The court shall question defendant in open court on the record and determine that defendant understands the availability and nature of the proceeding provided herein, the timetable for filing and processing same, that he must assert in such motion every ground for relief known to him, that every such ground not asserted is waived, and that neither probation, parole, nor suspension of execution of sentence shall extend or delay the time for filing a motion hereunder.

(d) MOTION FOR POST–JUDGMENT RELIEF. Defendant shall have ten (10) days from the time notice of availability of this proceeding is given by the sentencing court in which to file a motion requesting post–judgment relief. Time for filing the motion may be extended for an additional period of ten (10) days. This motion must conform substantially to the form appended hereto as Appendix A. The motion shall include every ground known to defendant for vacating, setting aside or correcting the judgment and sentence. Defendant shall verify the motion, declaring that he has listed all grounds for relief known to him, and acknowledging his understanding that he waives any ground for relief known to him which is not listed in the motion. The motion may be amended with leave. No cost deposit shall be required.

(e) RIGHT TO COUNSEL. Counsel representing a defendant at trial shall continue to represent him in the post-judgment proceeding and on any appeal taken unless relieved by order of court. Counsel shall be relieved if ineffectiveness of counsel at trial is alleged. If counsel is relieved by the trial court, the court shall appoint a new counsel to represent defendant unless defendant is able to employ counsel.

(f) BAIL PENDING POST–JUDGMENT PROCEEDINGS. The court shall commit defendant pending post-judgment proceedings unless he has been admitted to bail, in which case the court may continue or modify bail. Time spent in custody by defendant for the duration of the post-judgment proceedings shall be credited toward service of his sentence.

(g) NOTICE OF HEARING. Defendant shall file his motion in duplicate with the clerk of the trial court and the clerk shall immediately deliver a copy thereof to the prosecutor. Upon receipt of defendant's motion, the clerk also shall notify the sentencing judge, who shall set a hearing date not more than fifteen (15) days from the date the motion is filed and shall cause the clerk to immediately notify all parties in the case. Any response to the motion by the prosecutor shall be filed not less than five (5) days before the hearing.

(h) POST–JUDGMENT HEARING. The hearing on issues raised in defendant's motion shall be of record and both defendant and the prosecution shall be given the opportunity to present testimony. Upon a showing of good cause the court may continue the hearing.

(i) BURDEN OF PROOF. Defendant shall have the burden of establishing

grounds for relief by a preponderance of the evidence.

(j) PRESENCE OF DEFENDANT. Defendant shall have the right to be present at any hearing on a motion filed under (d) of this Rule.

(k) JUDGMENT. The court shall make written findings of fact and conclusions of law on all issues presented. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was illegal, or that there was such a denial or infringement of the rights given defendant by the Constitution of Missouri as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge defendant or resentence him or grant a new trial or correct the judgment and sentence as appropriate.

(*l*) APPEAL. The filing of a motion under the provisions of this Rule shall stay the execution of that portion of the judgment which requires that defendant be delivered into the custody of the Department of Corrections, shall constitute a waiver of defendant's right to appellate review until final determination of the issues raised by the motion, and shall extend the time for filing notice of appeal from judgment and sentence until such final determination of the motion for post-judgment relief by the trial court.

An order sustaining or overruling a motion filed under the provisions of this Rule shall be deemed a final judgment for purposes of appeal. An appeal may be taken from the order entered on the motion as authorized by Rule 30. If defendant appeals, it may be from the judgment of conviction, from the order on the motion, or from both. He shall file a single notice of appeal which shall specify the judgment or order from which he appeals. Notice of appeal must be filed within ten days of the court's order determining the motion for post-conviction relief. The transcript of both trial and post-conviction proceedings shall constitute the record for purposes of appellate review except when the State appeals hereunder and an abbreviated transcript is ordered and approved by counsel or by the sentencing court.

Appellate review of the court's action on the motion filed under this Rule shall be limited to a determination of whether the findings and conclusions are clearly erroneous.

(m) COSTS. If the sentencing court finds that a defendant desiring to appeal is an indigent person, it shall authorize an appeal in *forma pauperis* and furnish without cost a record of all proceedings for appellate review. The sentencing court, when the appeal is taken, shall order the official court reporter to promptly prepare the appellate record necessary for appellate review without requiring a letter from defendant's counsel ordering same. If the sentencing court finds against defendant on the issue of indigency, it shall, if requested by defendant, certify and transmit to the appellate court a transcript of the evidence, on that issue only, so as to permit review of that issue by the appellate court.

(n) UNTIMELY OR SUCCESSIVE MOTIONS. A person who has failed to file a timely post-judgment motion after notice of availability of this proceeding is given by the sentencing court, or who files such a timely motion but is denied relief thereon, and desires to file an untimely or successive post-judgment motion, may apply to the circuit court of the county in which he was sentenced for leave to file such motion. The court, in its discretion, may give such leave, and determine the issues thereafter presented, if it believes (1) there has been a significant change in the law, either substantive or procedural, which was applied in the process leading to applicant's conviction or sentence, which change in law is retrospective in application, or (2) that for some other reason there has been a miscarriage of justice. The person shall have no right of appeal from a denial of leave to file such a motion. If leave to file the motion has been given in the circuit court, and a deter-

mination of the issues made, the person shall have no right of appeal unless the circuit court or the appellate court to which an appeal, if allowed, would go issues a certificate of probable cause (Cf. 28 U.S.C. Section 2253).

27.27 JUDGMENT AND SENTENCE UNLAWFUL—MOTION TO VACATE—FORM AND SCOPE OF MOTION—LEAVE TO FILE MOTION—NOTICE TO PROSECUTING ATTORNEY—HEARING—APPOINTMENT OF COUNSEL—ORDER—EFFECT OF ORDER—APPEAL—COSTS—AND SUCCESSIVE MOTIONS.

A person in custody under sentence for a felony who claims the judgment and sentence imposed violate the Constitution and Laws of this State, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law, may seek relief in the court which imposed such sentence by filing therein a motion for leave and a motion to vacate.

(a) NATURE OF REMEDY. This Rule is intended to provide the exclusive procedure by which a person sentenced *after a plea of guilty* may seek relief in the sentencing court on the basis of any of the attacks enumerated above.

(b) WHEN REMEDY MAY BE INVOKED. The provisions of this Rule may be invoked by a person, convicted on a plea of guilty, claiming the right to have the judgment and sentence vacated, set aside or corrected.

(c) MOTION FOR POST–JUDGMENT RELIEF. A motion for leave and to vacate must conform substantially to the form appended hereto as Appendix B. The motion to vacate shall include every ground known to movant for vacating, setting aside or correcting the judgment and sentence. The movant shall verify the motion, declaring that he has listed all grounds for relief known to him, and acknowledging his understanding that he waives any ground for relief known to him which is not listed in the motion. The motion may be amended with leave. No cost deposit shall be required.

(d) LEAVE TO FILE MOTION. A person who desires to file a motion to vacate under this Rule may apply to the circuit court of the county in which he was sentenced for leave to file such motion. The court, in its discretion, may give such leave, and determine the issues presented, if it believes (1) there has been a significant change in the law, either substantive or procedural, which was applied in the process leading to movant's conviction or sentence, which change in law is retrospective in application, or (2) that for some other reason there has been a miscarriage of justice. The movant shall have no right of appeal from a denial of leave to file such a motion.

(e) NOTICE OF HEARING. If leave to file the motion to vacate is given in the circuit court, the clerk of the circuit court shall immediately deliver a copy thereof to the prosecutor and the judge shall set a hearing date not more than fifteen (15) days from the date leave to file is given. The clerk shall immediately notify all parties in the case. Any response to the motion by the prosecutor shall be filed not less than five (5) days before the hearing.

(f) HEARING. The hearing on issues raised in the motion shall be of record and both the movant and the prosecution shall be given the opportunity to present testimony. Upon a showing of good cause the court may continue the hearing.

(g) BURDEN OF PROOF. The movant shall have the burden of establishing grounds for relief by a preponderance of the evidence.

(h) PRESENCE OF THE MOVANT. The movant shall have the right to be present at any hearing on a motion filed under this Rule.

(i) RIGHT TO COUNSEL. Counsel representing the movant when the plea was taken shall continue to represent him in the

post-judgment proceeding and on any appeal allowed unless relieved by order of court. If such counsel is permitted by the trial court to withdraw, said court shall appoint new counsel to represent movant unless the movant is able to employ counsel.

(j) JUDGMENT. The court shall make written findings of fact and conclusions of law on all issues presented. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was illegal, or that there was such a denial or infringement of the rights given movant by the Constitution of Missouri, as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the movant or resentence him or order a trial or correct the judgment and sentence as appropriate.

(k) APPEAL. If leave to file the motion has been given in the circuit court, a hearing is held, and the motion is denied by the circuit court, the movant shall have no right of appeal unless the circuit court or the appellate court to which an appeal, if allowed, would go issues a certificate of probable cause (Cf. 28 U.S.C. Section 2253).

If appellate review is allowed, that review shall be limited to a determination whether the findings and conclusions of the circuit court are clearly erroneous.

(*l*) COSTS. If the court finds that a movant allowed an appeal is an indigent person, it shall authorize an appeal in *forma pauperis* and furnish without cost a record of all proceedings for appellate review. The circuit court, when the appeal is taken, shall order the official court reporter to promptly prepare the appellate record necessary for appellate review without requiring a letter from the movant's counsel ordering same. If the sentencing court finds against the movant on the issue of indigency, it shall, if requested by the movant, certify and transmit to the appellate court a transcript of the evidence, on that issue only, so as to permit review of that issue by the appellate court.

(m) SUCCESSIVE MOTIONS. The circuit court shall not entertain successive motions.

### APPENDIX A