**Phillip HICKS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 44367.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 13, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

Application to Transfer Denied
June 14, 1982.

James C. Jones, III, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Priscilla F. Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

This is an appeal by movant (hereinafter "defendant") Phillip Hicks from the denial of his *second* post-conviction motion. He seeks to set aside three 1961 guilty plea judgments imposing two life sentences for rape and a twenty-year sentence for burglary.

The case history: In 1961 defendant was 16 years old; charges were certified from the juvenile court to the circuit court. There defendant was represented by attorney James Rankin and sentenced on his pleas of guilty. Five years later defendant filed his first post-conviction motion and was represented by attorney Irvine Malnik. The motion was summarily denied and defendant did not appeal. Then in 1980 defendant filed the present motion. After an evidentiary hearing the court denied the motion, from which ruling defendant now appeals relying on three points.

We summarize those points and the state's response to each.

By his first point defendant contends his 1961 guilty plea was involuntary. The state denies this, and also contends Rule 27.26(d) V.A.M.R. bars relief on a second motion.

Second, defendant contends his original counsel was ineffective in opposing the trial court's intention to appoint a guardian ad litem. To this the state responds the trial court had no jurisdiction to appoint a guardian, and further that relief is now barred under Rule 27.26(d) supra.

Third, defendant now claims counsel was ineffective in promising to but failing to appeal the denial of his original Rule 27.26 motion. The state contends this is not reviewable because it concerns a complaint at the appellate level over which the trial court lacked jurisdiction.

These three points in turn.

When defendant changed his plea to guilty in 1961 he had for several months been represented by Mr. James Rankin, a seasoned defense counsel. Counsel had explained the effect of pleading guilty; had not recommended it but was concurring in defendant's wish. (At that time the death penalty was possible). On each of the three charges defendant acknowledged his counsel had explained the result of pleading guilty, that he was waiving a trial by jury, knew the penalties the state would recommend and still wanted to plead guilty.

 Here, defendant relies primarily on *State v. Reese,* 457 S.W.2d 713 (Mo. banc 1970). There the court condemned a guilty plea entered after the moronic defendant had answered "yes" to the single question about wanting to plead guilty. *Reese* is not persuasive here. Instead we test defendant's guilty plea by the standard announced in *McMahon v. State,* 569 S.W.2d 753 [1–4] (Mo. banc 1978): " . . . the test of whether a plea is voluntary and intelligently made is not whether a particular ritual is followed or whether each and every detail is explained to a defendant but whether the plea in fact is intelligently and voluntarily made . . . [T]here is no requirement that the court explain every technical element of an offense." We deny defendant's contention of involuntariness and consider also that the denial of his second motion was proper under Rule 27.26(d) barring a second motion on a ground determined adversely in defendant's earlier motion. See *Frost v. State,* 589 S.W.2d 370 (Mo.App.1979) holding prior denial of a defendant's post-conviction motion warranted summary denial of that same ground raised in a second motion.

For both reasons above we deny defendant's primary challenge to his guilty pleas.

 By defendant's second challenge he contends trial counsel was ineffective in not accepting the trial court's offer to appoint a guardian ad litem for him. The prosecutor persuaded the court that there was no authority to do so; defense counsel agreed. Here, defendant cites no law either requiring or permitting a court to appoint a guardian ad litem in a criminal case. No error here. Additionally defendant's point is denied on the ground it had been presented and denied in his original motion. Rule 27.26(d), supra.

By defendant's final point he contends the second hearing court erred in denying the portion of his motion which challenged the ineffectiveness of his first hearing court counsel in failing to appeal the denial of his original motion. He relies on *Flowers v. State,* 618 S.W.2d 655 (Mo. banc 1981). In Ground 6 of defendant's present motion he pleaded he requested and his hearing counsel agreed to appeal the denial of his original motion; that a year later he learned counsel had not appealed. Defendant so testified at the hearing on the present motion.

We revert to *Flowers,* supra. In reversing and remanding the supreme court ruled: "The judgment dismissing the 1978 motion is reversed and the cause is remanded to the trial court with directions to conduct an evidentiary hearing and to make findings of fact and conclusions of law on whether Flowers' counsel abandoned him on appeal from the denial of the 1976 motion."

 *Flowers* is readily distinguishable. There, Flowers' counsel had allegedly abandoned him after promising to appeal. Flowers' motion was summarily denied. The supreme court remanded the case for an evidentiary hearing on the issue of abandonment. Here, in contrast, the trial court did conduct an extensive evidentiary hearing on defendant's second Rule 27.26 motion including defendant's contention of abandonment. It would be futile to remand the case for a hearing on an issue fully presented and ruled by the hearing court.

Judgment affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.