**STATE of Missouri, Respondent,**

v.

**James Kenneth BROWN, Appellant.**

**No. 44270.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 27, 1982.

Lashly, Caruthers, Thies, Rava & Hamel, Rexford H. Caruthers, Bruce D. Johnston, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Movant seeks to set aside his conviction for three counts of robbery entered on January 1, 1974. His conviction and sentence was affirmed on appeal. 528 S.W.2d 503 (Mo.App.1975). On July 14, 1976, movant filed a Rule 27.26 motion to set aside judgment and sentence. Movant asserted ineffective assistance of counsel and jury incompetence as his grounds for relief. An evidentiary hearing was held on this motion on October 5, 1976. Movant's motion was overruled on October 26, 1976.

On September 15, 1978, movant filed a motion to vacate the October 26, 1976 order pursuant to Rule 74.78. Movant alleged that he had not received notice of the October 26, 1976 ruling until his time for appeal had lapsed. On June 6, 1979, his September 15, 1978 motion to vacate was overruled. Movant did not appeal this decision.

On November 20, 1980, movant filed another Rule 27.26 motion. Movant's claim can be broken down into two categories. Movant claimed that he received ineffective assistance of counsel on his original Rule 27.26 motion. Secondly, movant alleged that counsel for his first Rule 27.26 motion abandoned him on appeal and failed to give movant notice of the October 26, 1976 ruling so as to deny movant his right to appeal. On March 5, 1981, the trial court ruled that it had no jurisdiction by reason of Rule 27.26(d). We affirm.

 The claim of ineffective assistance of counsel in a post-conviction proceeding is not cognizable in a subsequent Rule 27.26 proceeding. Rule 27.26 is intended "only as a means to attack a criminal conviction and limits the remedy to test the validity of the sentence entered upon the conviction." *Brown v. State*, 574 S.W.2d 501, 502 (Mo. App.1978). The claim "that counsel at a Rule 27.26 proceeding was ineffective does not attack conduct in a criminal case nor a defect in the original conviction or sentence and so is beyond the scope of the remedy." *Id.* at 502. Our Supreme Court has carved out a narrow exception to this rule in *Flowers v. State*, 618 S.W.2d 655 (Mo.1981).

In *Flowers*, it was established that a prisoner who failed to appeal a 27.26 motion was entitled to another 27.26 hearing to determine whether he had been abandoned on appeal or if he had abandoned the appeal himself. This is the only issue to be addressed at the second 27.26 motion. If the prisoner abandoned appeal, the date of the ruling on the original 27.26 motion is left intact and the prisoner is bound by that decision. If the prisoner was abandoned on appeal, the trial court will vacate the original judgment and enter a new judgment with the time for appeal commencing to run from the new date. *Id.* at 657.

Movant's September 15, 1978 motion to vacate distinguishes this case from *Flowers.* In *Flowers*, there had been no presentation of the question of the denial of the prisoner's right of appeal prior to his second 27.26 motion. In the instant case, movant's September 15, 1978 motion addressed the question of whether he had been deprived of notice of the October 26, 1976 ruling so as to prejudice his right of appeal. The trial court's ruling on June 6, 1979 denied movant's claim. Orders issued under Rule 74.78 are final decisions for purposes of appeal. *See, Watson v. Watson*, 504 S.W.2d 34 (Mo.1974). At this point, movant should have appealed to this court if he wished to contest the June 6, 1979 order. Because of his failure to appeal, the June 6, 1979 order is conclusive upon movant.

Affirmed.

REINHARD, P. J., and SNYDER, J., concur.