Steve W. **JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54838.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 7, 1989.

Application to Transfer Denied May 16, 1989.

Dorothy M. Hirzy, Sp. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of a successive 27.26 motion without the appointment of counsel or an evidentiary hearing. We affirm.

On December 10, 1975, movant pled guilty to burglary second degree, assault with intent to kill with malice aforethought, and five counts of robbery first degree by means of a dangerous and deadly weapon. He was sentenced to ten years for the burglary and eighteen years for each of the other charges, with the sentences to run concurrently.

Movant filed his first 27.26 motion on May 26, 1976. This motion was withdrawn by movant on April 14, 1977, with notice of intent to file at a later time. In August 24, 1979, movant filed his second 27.26 motion. This motion was denied after an evidentiary hearing. No appeal was taken. Movant filed his third motion on November 5, 1987. This motion was summarily dismissed as an impermissible successive motion without the appointment of counsel. Rule 27.26(d) (repealed 1988). Movant now appeals that dismissal.

Movant contends the trial court erred in dismissing his third motion without appointing counsel. He alleges appointed counsel could have amended his motion to include the charge that he was abandoned by his attorney on the appeal of his second 27.26 motion, thereby entitling him to a hearing on that issue.

Movant's claims rest on the assumption he was entitled to the appointment of counsel upon the filing of his successive 27.26 motion. This is not the case. The courts have generally held that a motion subject to summary denial under Rule 27.26(d) may be dismissed without the appointment of counsel. *Giles v. State*, 633 S.W.2d 82, 83[1] (Mo.App.1981); *Burnside v. State*, 600 S.W.2d 157, 159[3] (Mo.App.1980).

Rule 27.26(d) provides that the motion court "shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to [movant] on the prior application or where the ground presented is new but could have been raised in the prior motion[.]" Rule 27.26(d) (repealed 1988). There is no question that movant's action, as filed, violated Rule 27.26(d).

Movant cites us to the case of *Flowers v. State*, 618 S.W.2d 655 (Mo. banc 1981), for the proposition "that a successive motion under Rule 27.26 is proper when [a] movant alleges that he was abandoned on appeal from the first 27.26 motion." Although this is a correct statement of the law as set out in *Flowers*, it is not applicable to the case at hand. Nowhere in movant's third 27.26 motion does he allege he was abandoned by his counsel on the appeal of his second 27.26 motion. *See id.* at 656. Movant admits this deficiency, but contends it was the result of his ignorance of the law.

As has been stated numerous times, "a lack of legal knowledge on the part of the movant does not excuse his failure to present known facts in a previous motion." *Brown v. State,* 674 S.W.2d 578, 580[3] (Mo.App.1984).

Because movant's argument of abandonment is presented for the first time on appeal, it is not properly before this court. *Davis v. State,* 680 S.W.2d 324, 326[2] (Mo. App.1984).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.