Robert BARKS, Appellant,

v.

William ARMONTROUT, Warden, Appellee.

No. 88–1960.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1989.

Decided June 29, 1989.*

---

* On the courts own motion the opinion and judgment of April 6, 1989 was withdrawn and the opinion of June 29, 1989 was filed in its stead.

Chris Osborn, St. Louis, Mo., for appellant.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before FAGG and BEAM Circuit Judges and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Robert Barks appeals from the district court's order dismissing without prejudice Barks's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. We reverse and remand for further proceedings.

In 1985 Barks was convicted by a jury in Missouri State Court of attempted stealing of a motor vehicle, and was sentenced as a persistent offender to a term of eight years imprisonment in the Missouri Department of Corrections. Although Barks has since been released on probation, he remains eligible for habeas corpus relief. *See Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963); *Piercy v. Black,* 801 F.2d 1075, 1077 n. 2 (8th Cir. 1986).

Barks's conviction was affirmed on appeal, *State v. Barks,* 711 S.W.2d 892 (Mo. Ct.App.1986), and his motions for rehearing and transfer to the Supreme Court of Missouri were denied. In 1986 Barks filed a motion to vacate his sentence under Missouri Supreme Court Rule 27.26 asserting, inter alia, his trial counsel did not advise him of a plea bargain offer, and he did not receive a presentence investigation report (PSI). The motion was denied following a hearing. Barks appealed the denial but his appeal was dismissed for failure to comply with court rules and failure to perfect the appeal. In 1987 Barks also filed an unsuccessful state habeas corpus petition.

Barks then filed the instant federal habeas petition in which he reasserted the claims of ineffective assistance of trial counsel for not advising him of a plea bargain offer, and the failure to have a PSI. He also asserted (1) the Information was constitutionally insufficient; (2) he was not given his *Miranda* warnings; and (3) he received ineffective assistance of counsel in that he was not advised prior to trial of the effect of the persistent offender statute.

The district court, adopting the report and recommendation of the magistrate, concluded that the latter three claims may be unexhausted because the state courts have not yet determined whether the provisions of Rule 27.26, which allow successive petitions under certain circumstances, or the newly enacted Rule 29.15, which prohibits successive petitions, would apply in this case. With respect to the two claims Barks raised in his Rule 27.26 motion but which were not resolved on appeal, the district court found that under procedures established in *Flowers v. State,* 618 S.W.2d 655 (Mo.1981) (en banc) (abandonment by counsel may be grounds to reinstate appeal from denial of Rule 27.26 motion), there was a possible avenue for reinstating his

prior Rule 27.26 appeal in state court. The district court, concluding that Barks should first allow the state courts to determine whether he had an available state remedy remaining, dismissed the habeas corpus petition without prejudice for failure to exhaust state remedies.

■ On appeal, Barks argues that under the plain language of Rule 29.15, and in the absence of any Missouri Supreme Court ruling to the contrary, the state courts would be precluded from giving any further consideration to his claims. We agree.

■ Missouri Supreme Court Rule 29.-15(k) expressly provides that "[t]he circuit court shall not entertain successive motions." This language is clear and unambiguous. In addition, the Attorney General takes the position that Rule 29.15 provides for absolutely no successive petitions. Until the highest court of the state tells us otherwise, we have no reason not to heed the position of the Attorney General of the state. When determining the meaning of state law, federal courts owe respect to the authoritative interpretation of the state's attorney general. *Huggins v. Isenbarger*, 798 F.2d 203, 209 (7th Cir.1986) (Easterbrook, J., concurring).

Subsection (m) of Rule 29.15 provides:

(m) **Schedule.** This Rule 29.15 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 1988. If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 29.15 may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 29.15. If a sentence is pronounced prior to January 1, 1988, and a prior motion under Rule 27.26 is pending, post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed.

Because Barks was sentenced before January 1, 1988, and his prior Rule 27.26 motion, filed in 1986, is no longer pending, Barks cannot proceed under the provisions of Rule 27.26. We conclude Rule 29.15

applies, and the state court will not entertain a successive petition. *See Byrd v. Armontrout*, 686 F.Supp. 743, 753 (E.D. Mo.1988).

We also find persuasive Barks's argument that continued applicability of the judicially created procedure set forth in *Flowers v. State*, 618 S.W.2d at 657, is highly questionable. In his dissent in *Flowers*, Chief Justice Donnelly proposed a revision of the postconviction rules which mirrors the language in Rule 29.15. *Id.* at 658–62. The Attorney General has conceded that the *Flowers* decision was a factor in the revision of the rules.

If the Missouri Supreme Court determines that Rule 29.15 dictates a different result, we will be bound by such decision. Until then, we are convinced Barks's further attempts to seek redress in state court will be futile. Thus, we reverse the district court's dismissal without prejudice, and remand the case for the district court to consider Barks's claims. The district court shall initially determine whether the procedural default rule can be avoided by the existence of "cause" and "prejudice." *Dugger v. Adams*, ___ U.S. ___, 109 S.Ct. 1211, 1217–18, 103 L.Ed.2d 435, 445–46 n. 6 (1989); *Smith v. Murray*, 477 U.S. 527, 538–39, 106 S.Ct. 2661, 2668–69, 91 L.Ed.2d 434 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).