Emmitte Lyle **FENTON**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. WD 65502.

Missouri Court of Appeals,
Western District.

June 27, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 2006.

Application for Transfer Denied Sept. 26, 2006.

Gary E. Brotherton, Columbia, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before LOWENSTEIN, P.J., ELLIS and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

This appeal arises from the denial of a motion to reopen a post-conviction motion for relief previously denied under Rule 27.26 (repealed).

## FACTS

Emmitte Lyle Fenton, the appellant, is currently serving a life sentence in prison after being found guilty of the class A felony of rape in 1981. In *State v. Fenton,* 633 S.W.2d 78, 79 (Mo.1982), he did not contest the sufficiency of the evidence that showed he forcibly raped a University of Missouri student at knifepoint. She was cut on the hand trying to resist. He claimed he had been drinking for several days, remembered entering the victim's apartment with a knife, heard her screaming, telling her "to shut up," and raping her. Fenton had been next door helping move his father, who had been evicted. The victim was the apartment manager.

Fenton timely filed a *pro se* Rule 27.26 motion in April 1983, and William Farrar was later appointed as motion counsel. Counsel chose not to file an amended motion, explaining to the court at the evidentiary hearing that Fenton's *pro se* motion had raised all issues available under the rule. Fenton's motion raised the following claims: (1) trial counsel failed to pursue his right to a speedy trial, did not object to the victim's in-court identification of Fenton, failed to object to a deputy sheriff staying in the jury room during deliberation, and that the bailiffs had not been

properly sworn; (2) the trial court did not sustain his motion to suppress introduction of the knife found in his father's apartment; and (3) trial court improperly allowed the prosecutor to amend the information. The motion court, after filing findings and conclusions, overruled the Rule 27.26 motion on December 30, 1983. Those findings covered all the assertions contained in the Fenton's motion.

On February 25, 2005, Fenton filed his motion to reopen his 27.26 action. Fenton asserted that motion counsel had abandoned him in the 1983 proceeding in that counsel: (1) failed to prepare for the hearing on his motion; (2) conflicted with trial and the direct appeal counsel; (3) took no action for five months before the hearing; (4) failed to file an amended 27.26 motion and failed to participate in the hearing; and (5) failed to appeal the motion court's denial of the original 27.26 action. Fenton's motion to reopen was denied. In his motion to reconsider he stated he was not attempting to file a successive motion but was merely asserting additional reasons that he had been abandoned. He then stated that "there are at least two other claims that have never been addressed in any fashion": that trial counsel failed to investigate whether the "alleged victim remained a virgin"; and that trial counsel failed to adequately "investigate Mr. Fenton's juvenile record."

## ANALYSIS

■ This appeal raises two points: (1) motion counsel abandoned the appellant based upon the failure to file an amended 27.26 motion and inactivity at the evidentiary hearing; and (2) motion counsel abandoned Fenton in failing to appeal the initial denial of the 27.26 motion. Review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous.

■ The first point on appeal fails in that Fenton will not be permitted to file a subsequent motion for post conviction relief after 23 years by merely entitling his request for relief to "reopen" his 1983 motion under Rule 27.26 (repealed) and the ensuing judgment. As counsel points out to the court, the recent case of *Brown v. State* clearly states established law that challenges to the effectiveness of counsel at a 27.26 action are not later actionable in subsequent 27.26 motion. 179 S.W.3d 404, 406 (Mo.App.2005). The purpose of actions under Rule 27.26, and the present Rule 29.15, is to adjudicate the legality and of the conviction and sentence of a defendant, avoid delay and prevent the "litigation of stale claims." *Id.* (citing *Schleeper v. State,* 982 S.W.2d 252, 253 (Mo. banc 1998)).

■ In *Brown,* the southern district of this court recognized that, where a timely filed 27.26 was acted upon, the only assertion that can be raised is "a motion that seeks to reopen post-conviction proceedings to address claims of abandonment." *Id.* at 407. The alleged lethargy of Fenton's counsel after his appointment may not qualify as an "abandonment" merely because it is so denominated in Fenton's present motion. As stated earlier, the rule was intended as a procedure to examine the conviction and sentence and not to "attack the result of a prior post conviction proceeding." *McCormick v. State,* 502 S.W.2d 324, 326 (Mo.1973).

■ Rule 27.26(d) did not allow successive motions against motion counsel on matters that could have been raised in the initial motion. *Flowers v. State,* 618 S.W.2d 655, 657 (Mo. banc 1981). This provision did not allow a circuit court to obtain jurisdiction to hear additional complaints against motion counsel. This point is denied.

■ The second point, which asserts motion counsel failed to perfect an appeal from the judgment denying his motion for post conviction relief is cognizable if Fenton did not waive the right to appeal in 1983. In *Flowers*, appointed motion counsel failed to proceed and the appeal was dismissed. 618 S.W.2d at 656. The Supreme Court directed that the matter be remanded to the trial court to conduct an evidentiary hearing and make findings and conclusions "on whether Flowers' counsel abandoned him on appeal ... or whether Flowers indicated he did not wish to pursue ... the appeal." *Id.* at 657.

A brief recap of the procedural events related to the asserted abandonment is now in order. On July 8, 1986, Fenton, *pro se*, filed a motion to file the appeal of the denial of post-conviction relief out of time. The motion states that after the denial, Fenton was under the impression counsel had filed an appeal pursuant to Fenton's instructions. However, on January 30, 1984, Fenton received a letter from motion counsel stating that pursuant to Rule 81.07 "we can establish the late filing was not due to any culpable negligence on our part." The motion explains that despite several letters sent to counsel in May of 1984, all of which went unanswered, counsel never filed anything to lodge an appeal.

This court, relying on Rule 81.07(a), denied Fenton's pro se motion to file out of time. Rule 81.07(a) allows a special order to file a notice of appeal when the time limits under Rule 81.04(a) have expired. Grant of this special order is conditioned, in part, if the application is made within six months from the date of the final judgment.

The State contends there is no authority to reopen a Rule 27.26 motion at this late date. However, the recent *Brown* decision from the southern district does indeed allow a reopening on the theory of abandonment. The same rationale holds true for jurisdiction of a motion court to hear an abandonment claim under the current Rule 29.15 so long as the original pro se motion was timely filed. *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 217–18 (Mo. banc 2001) (where there was a ten year gap); *Daugherty v. State*, 116 S.W.3d 616, 617 (Mo.App.2003) (where abandonment occurred some twelve years prior to the action).

The State contends that even if there were jurisdiction to hear such a case, to do so would thwart the finality of post-conviction judgments. The State concedes that *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), and *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), give credence to the relief Fenton seeks. Where there is a complete failure, without explanation, to file the amended motion, such failure amounts to abandonment. However, nothing in the statutes or rules or case law bars reopening of 27.26 judgment where post-conviction counsel fails to file an appeal. Again, the *Brown* opinion supplies such a remedy under these facts.

■ The essence of the issue is whether of abandonment by post-conviction counsel for failing to appeal the denial of a 27.26 motion can be raised 23 years later, and, if so, whether a trial court has jurisdiction to reopen the matter. Undoubtedly, the failure to file an appeal, when so requested, can in fact amount to an abandonment of the client by motion counsel. Under the facts as alleged here, Fenton wanted to appeal, was led to believe an appeal had been or would be filed, but no such appeal was filed. When Fenton attempted to file for leave to file his appeal out of time, it was denied as being beyond the time for a late filing. Therefore, a trial court had jurisdiction to hear the reopening of the 27.26 motion.

However, finding that the trial court had jurisdiction to hear a re-opening of the 27.26 cause does not end the issue. As the State points out, although Fenton was asserting abandonment by counsel in the motion to reopen heard by the trial court, he merely pointed to the deficiencies alleged in his first point here—failure to amend the motion, failure to raise defenses, etc.—and argued that this dereliction constituted abandonment. The State asserts he did not raise the failure to file a timely appeal that resulted in no appellate review of the denial of his original motion for relief in his trial court motion. In any event, the trial court, made no findings or conclusions as to the merit of his arguments predicating abandonment on the failure to file an appeal of the denial of the Rule 27.26 motion. This court cannot consider nor convict the trial court of error on a matter not raised before it, *Johnson v. State*, 768 S.W.2d 158, 160 (Mo.App.1989), nor should this court review this issue if the trial court made no specific findings and conclusion on the failure to file an appeal.

This court is not unmindful of the extensive delay in attempting to remedy what appears to be abandonment by motion counsel for failing to file an appeal where the client so directs. This court, however, recognizes the unique facts and circumstances of this particular case as well as motion counsel's egregious failure to file the appeal as directed by the client. Additionally, as discussed above, precedent exists for reopening such matters after ten or even twelve years of inaction, *Jaynes*, 63 S.W.3d at 217–18; *Daugherty*, 116 S.W.3d at 617. Drawing the proverbial temporal line in the sand on such matters is additionally complicated by constitutional overtones.

Therefore, recognizing that a significant length of time has elapsed since the motion court ruled on the 27.26 motion and that post conviction statutes are intended to put an end to matters and disallow successive claims and motions, this court nonetheless remands just the assertion of abandonment to the circuit court and allows Fenton thirty days to file for relief on the allegation of counsel's failure to file an appeal.

The judgment of the trial court is affirmed on point I. Point II is dismissed and remanded to the trial court to allow Fenton thirty days in which to amend his motion to include only a request for relief based on abandonment in counsel's failure to file an appeal. The trial court should issue findings and conclusions on the issue of abandonment based on the failure of counsel to file an appeal.

All concur.