**John M. DOUGLAS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15795.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 10, 1989.

William J. Stewart, Bolivar, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Following jury trial movant was convicted of three counts of sodomy and sentenced to fifteen years' imprisonment on each count with the sentences to run consecutively. The convictions and sentences were affirmed. *State v. Douglas,* 720 S.W.2d 390 (Mo.App.1986).

Thereafter movant filed a motion under Rule 27.26, seeking to set aside the convictions. Following an evidentiary hearing the trial court made findings of fact, conclusions of law and entered judgment denying the motion. Movant appeals. This appeal continues to be governed by Rule 27.-26 as sentence was pronounced and the motion to vacate filed before January 1, 1988. Rule 29.15(m).

In reviewing the trial court's decision this court is limited to determining whether the findings, conclusions, and judgment of the trial court were clearly erroneous. Rule 27.26(j). These findings are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake was made. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986).

Movant contends that the trial court erred in denying his motion because he established that he was denied his right to effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and article 1, § 18(a) of the Missouri Constitution. He alleges that defense counsel failed to exercise the customary skill and diligence that a reasonable and competent attorney would exercise under the same or similar circumstances because he failed to interview and call as witnesses certain persons movant suggested to the attorney and in failing to sufficiently contact movant prior to the trial. In regard to potential witnesses movant contends that the attorney failed to interview and subpoena a witness who would have testified that movant was of good character and witnesses who would have testified as to the untruthfulness of the state's witnesses.

Movant has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f). "To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State,* 693 S.W.2d 903, 904 (Mo.App.1985).

Credibility of the witnesses is generally a matter for the trial court's determination to which this court gives considerable deference. *Pool v. State,* 670 S.W.2d 210, 211–212 (Mo.App.1984). See also *Trimble v. State,* 588 S.W.2d 168, 170 (Mo.App.1979) (trial judge could disbelieve testimony, even when uncontradicted).

Movant's attorney at the criminal trial refuted movant's allegations that he provided the attorney with the names of witnesses who would have helped movant's defense. The trial judge was justified in believing the attorney on this issue and in also determining that the attorney sufficiently conferred and discussed the case with movant.

The trial court found that movant had not met his burden to establish that the assistance provided by his attorney was ineffective. There was evidence to support

the trial court's findings and we cannot say that the judgment entered based on those findings was clearly erroneous.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.