**Eddie Lee EVANS, Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 55523.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 6, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 11, 1989.

Case Transferred to Supreme Court
Sept. 12, 1989.

Case Retransferred to the Court of
Appeals Jan. 26, 1990.

Original Opinion Reinstated Feb. 7, 1990.

Cheryl Rafert, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 29.15 motion. We affirm.

In two separate trials movant was convicted by one jury of first degree (felony) murder and by another of rape and burglary for his actions during a single criminal episode. He was sentenced to life imprisonment for the murder, life imprisonment for the rape and 15 years' imprisonment for the burglary; the sentences to be served concurrently. His murder conviction was affirmed on direct appeal. *State v. Evans*, 639 S.W.2d 792 (Mo. banc 1982). His rape conviction was also affirmed on direct appeal, but his burglary conviction was reversed on double jeopardy grounds. *State v. Evans*, 660 S.W.2d 433 (Mo.App. 1983). Statements of the facts can be found in both opinions.

On August 9, 1983, movant filed a Rule 27.26 motion seeking relief from his murder conviction. Appointed counsel filed an amended motion. After an evidentiary hearing the motion court entered findings of fact and conclusions of law denying the motion. The judgment was not appealed.

On March 28, 1988, movant filed his Rule 29.15 motion again seeking relief from his murder conviction. Appointed counsel filed an unverified amended motion and a request for an evidentiary hearing. The court denied the motion without an evidentiary hearing.

On appeal movant contends the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing when he alleged in the motion that the trial court committed errors, that trial counsel was ineffective and that his Rule 27.26 motion counsel had abandoned his appeal.

Rule 29.15(m) precludes a convict from filing a Rule 29.15 motion if he was sentenced prior to January 1, 1988, and has previously filed a Rule 27.26 motion. Movant was sentenced for his murder conviction prior to January 1, 1988, and had filed a Rule 27.26 motion prior to his Rule 29.15 motion; thus, dismissal of movant's Rule 29.15 motion was proper.

Furthermore, movant's allegations of trial court error and ineffectiveness of trial counsel could not have been raised in a successive motion under Rule 27.26, Rule 27.26(d) (repealed), and cannot be raised in a successive 29.15 motion, Rule 29.15(k). However, under former Rule 27.26 the trial court was required to conduct an evidentiary hearing when the movant alleged in a successive Rule 27.26 motion that his motion counsel had abandoned him on appeal. *Flowers v. State*, 618 S.W.2d 655, 657 (Mo. banc 1981). The court in *Flowers* was construing Rule 27.26(d) when it made this holding. The text of Rule 27.26(d) follows:

> Successive Motions. The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this

Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion. Rule 27.26(d) (repealed). In contrast, Rule 29.15(k) reads as follows:

Successive Motions. The circuit court shall not entertain successive motions. Rule 29.15(k). One clear result of this change in language is that Rule 29.15 is not available for challenging a movant's former counsel's abandonment of his postconviction motion appeal.

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.