**John M. DOUGLAS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16446.**

Missouri Court of Appeals,
Southern District,
Division One.

May 17, 1990.

Mary K. Anderson, Columbia, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

John M. Douglas ("movant") appeals from an order dismissing, without an evidentiary hearing, his motion under Rule 29.15, Missouri Rules of Criminal Procedure (20th ed. 1989), to vacate his conviction of three counts of sodomy, for each of which he was sentenced to 15 years' imprisonment, the sentences to run consecutively. The conviction, a result of trial by jury, was affirmed on direct appeal. *State v. Douglas*, 720 S.W.2d 390 (Mo.App.1986).

Thereafter, movant filed a motion under former Rule 27.26,[1] Missouri Rules of Criminal Procedure (18th ed. 1987), to vacate the conviction. Following an evidentiary hearing the circuit court entered judgment denying relief; that judgment was affirmed on appeal. *Douglas v. State*, 768 S.W.2d 228 (Mo.App.1989).

Movant commenced the instant proceeding April 27, 1989, by filing a pro se motion alleging three grounds for relief: the trial court allowed hearsay testimony, there was no medical evidence corroborating the victims' testimony, and the victims' testimony was self-contradictory. The circuit court, henceforth referred to as "the motion court," found that these grounds for relief could have been raised in movant's 27.26 proceeding or were raised therein and ruled adversely to movant. Consequently, the motion court held that movant was procedurally barred from asserting such grounds in the instant proceeding.

In this appeal movant presents one point:

---

**1.** Rule 27.26 was repealed effective January 1, 1988. Missouri Rules of Court (19th ed. 1988), p. 142.

"The motion court clearly erred by dismissing [movant's] ... Rule 29.15 motion ... as a successive motion because [movant's] Rule 29.15 motion ... is not a successive motion within the meaning of Rule 29.15(k) in that [movant's] counsel in his prior ... motion pursuant to former Rule 27.26 ... did not comply with the mandatory provision of Rule 27.26(h) which required that counsel ... ascertain from [movant] whether all grounds known as a basis of attack on the judgment ... and sufficient facts supporting those grounds were included in the motion and a concomitant duty to amend the motion to include any additional grounds and supporting facts in an amended motion, and [movant's] counsel failed to amend the motion to present all of [movant's] claims in a lawyer-like fashion thus denying [movant] any meaningful postconviction review of the effectiveness of trial counsel and because [movant] did not receive a meaningful postconviction review under former Rule 27.26 ... his motion pursuant to Rule 29.15 is not a successive motion within the meaning of Rule 29.15(k)."

The first flaw in movant's point is that nowhere in his 29.15 motion is there any allegation that the lawyer who represented movant in the 27.26 proceeding failed to (a) ascertain whether movant had included in the 27.26 motion all grounds known to movant as a basis for attacking the conviction, or (b) amend the 27.26 motion to include any additional grounds and supporting facts.[2]

 A point urged on appeal from a judgment denying relief in a post-conviction proceeding is not reviewable where it was not raised in the motion filed in the circuit court and is presented for the first time on appeal. *Grubbs v. State,* 760 S.W.2d 115, 120[10] (Mo. banc 1988), *cert. denied,* — U.S. ——, 109 S.Ct. 2111, 104 L.Ed.2d 672 (1989); *Maggard v. State,* 471 S.W.2d 161, 162[1] (Mo.1971).

Furthermore, while movant's point avers the failure of the lawyer in the 27.26 proceeding to fulfill the duties mentioned above denied movant "any meaningful postconviction review of the effectiveness of trial counsel," we find nothing in movant's 29.15 motion complaining about ineffective assistance of trial counsel. Indeed, movant's 29.15 motion contains this declaration: "The only ground brought up in the Rule 27.26 motion was for ineffective assistance of counsel *which the plaintiff does not wish to bring up in this motion.*" (Emphasis added.)

■ It is thus manifest that movant's 29.15 motion raised no issue regarding the effectiveness of the lawyer who represented movant in the 27.26 proceeding or the effectiveness of the lawyer who represented movant at trial. That being so, movant's point relied on is not cognizable in this appeal. *Grubbs,* 760 S.W.2d at 120[10]; *Maggard,* 471 S.W.2d at 162[1].

■ Even were the point reviewable it would supply no basis for reversal. The motion court was clearly correct in holding that movant was procedurally barred from maintaining the 29.15 proceeding in that he had previously been denied post-conviction relief in the 27.26 proceeding. *Evans v. State,* 782 S.W.2d 402, 403–04 (Mo.App. 1990); *Burroughs v. State,* 774 S.W.2d 559 (Mo.App.1989).

The order of the motion court is affirmed.

PREWITT and PARRISH, JJ., concur.

---

2. The record before us shows that the lawyer who represented movant in the 27.26 proceeding did file an amended motion to vacate the conviction, incorporating movant's pro se 27.26 motion and setting forth sundry additional grounds.