**Theodore Floyd GINNERY,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

**No. 18488.**

Missouri Court of Appeals,
Southern District,
Division One.

July 1, 1993.

Brad B. Baker, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

SHRUM, Judge.

The movant appeals from the denial, without an evidentiary hearing, of his Rule 29.15 motion. We affirm.

In separate jury trials, the movant was convicted of rape in violation of § 566.030, RSMo 1978, and sodomy in violation of § 566.060, RSMo 1978. Pursuant to the juries' recommendations he was sentenced to 13 years and 15 years respectively, the sentences to be served consecutively.

The movant's convictions were affirmed by this court in *State v. Ginnery*, 617 S.W.2d 115 (Mo.App.1981), and *State v. Ginnery*, 617 S.W.2d 117 (Mo.App.1981). By separate motions, the movant sought postconviction relief under Rule 27.26 (now repealed), and this court affirmed the motion court's denial of relief on each motion. *Ginnery v. State*, 645 S.W.2d 202 (Mo.App. 1983).

On appeal in this proceeding, the movant contends he was abandoned by appointed counsel. We need not reach the merits of the movant's claim because the movant does not explain, in his motion or in his brief on appeal, why he could not have raised in his Rule 27.26 proceedings the allegations he attempts to raise under Rule 29.15.

One who was denied postconviction relief under Rule 27.26 may not seek relief under Rule 29.15 absent a showing that the matters raised in the instant motion could not have been raised in the prior one. Rule 29.15(k); *Douglas v. State*, 789 S.W.2d 528, 529[3] (Mo.App.1990); *Thomas v. State*, 785 S.W.2d 778, 779 (Mo.App.1990).

The judgment is affirmed.

PARRISH, C.J., and CROW, P.J., concur.