**Shirley ALLEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 19974.**

Missouri Court of Appeals,
Southern District.,
Division Two.

July 18, 1995.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

## PER CURIAM.

In *State v. Allen,* 714 S.W.2d 195 (Mo.App. 1986), we affirmed the capital murder conviction of the movant Shirley Elizabeth Allen and her sentence to life imprisonment without eligibility for probation or parole for 50 years.

On December 28, 1987, Movant filed a pro se motion for postconviction relief pursuant to Rule 27.26 (Repealed). Appointed counsel filed an amended motion, and the court conducted an evidentiary hearing on November 11, 1990. Judge Hutcheson denied Movant relief in a December 18, 1990, order that included extensive findings and conclusions.

On two subsequent occasions, Judge Long vacated and reinstated Judge Hutcheson's order, thereby allowing Movant this appeal. *See Flowers v. State,* 618 S.W.2d 655 (Mo. banc 1981); *Evans v. State,* 782 S.W.2d 402 (Mo.App.1989).

In Point I, Movant contends the "motion court" erred in denying her relief because "extensive pretrial publicity prejudiced the venire panel against her and prevented her from selecting a fair and impartial jury."

■ Although she assigns error to the motion court, the basis of Movant's complaint is an allegation of trial court error. Assertions of trial court error that allege constitutional violations are not cognizable in a postconviction relief proceeding unless exceptional circumstances are shown that justify not raising the constitutional grounds on direct appeal. *State v. Clark,* 859 S.W.2d 782, 789[12] (Mo. App.1993). Movant points to nothing in the record and, indeed, makes no argument, to demonstrate exceptional circumstances that justify her not raising the issue of prejudicial pretrial publicity in her direct appeal. We reject Point I.

■ In Point II, Movant complains her trial counsel was ineffective because "he failed to request a change of venue to the other side of the state from St. Charles to avoid the adverse publicity...." Movant was charged in St. Charles County in November 1982. Venue was changed twice, first to Marion County and then to Phelps County, where the trial was conducted in late April 1984. In her argument, Movant asserts there was a "reasonable likelihood that there would have been much less publicity" about her case in Kansas City than there was in Phelps County.

Included among Judge Hutcheson's findings and conclusions were these:

"3(a) ... In considering the responses of all jurors selected to serve on the jury, to all of the questions posed during voir

dire, the Court finds that movant has failed to establish that the jury selected to hear this case was unfair or that it was not impartial. Neither has movant shown that those jurors were tainted by pretrial publicity. All of the jurors selected indicated that they could follow the instructions of the Court. Those jurors whose responses might have initially suggested some possible grounds for further inquiry were fully rehabilitated through subsequent questioning, including questioning by the trial judge.

. . . .

"6. Ground 5 of movant's pro se motion alleges ineffective assistance of counsel for failing to change venue to 'the other side' of the state.... [T]he court notes that movant has failed to show any prejudice. Testimony of both prosecutor and trial counsel indicated that publicity surrounding this case was statewide and had even received nationwide notoriety. There is no evidence to suggest that moving the case to 'the other side of the state' would have significantly diminished the pre-trial publicity. Jurors' voir dire responses indicated a willingness on the part of jurors to be fair and to base their verdict solely on the evidence presented in court.... There is also no evidence that movant was prejudiced by being tried in Phelps County."

 To establish ineffective assistance of counsel, a movant must prove his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would employ under similar circumstances and that his defense was thereby prejudiced. *Richardson v. State*, 719 S.W.2d 912, 915[1] (Mo.App.1986). A court can evaluate an ineffective assistance of counsel claim solely on the basis of a lack of prejudice. *Id.* at 916[5].

The motion court found no evidence that moving the trial to some location across the state from St. Charles County would have significantly diminished pretrial publicity. Of greater significance is the motion court's finding that the jurors before whom Movant was tried were not affected by pretrial publicity. Our review of the transcript of the voir dire examination and the Rule 27.26

evidentiary hearing supports these findings and a conclusion that Movant's defense was not prejudiced by her trial counsel's failure to request a change of venue from Phelps County. We reject Point II.

 Movant's Point III concerns the calling of Movant's daughter, Norma Hawkins, as a court's witness at the request of the state. Although Movant casts Point III as a claim of prosecutorial misconduct, the subject of Norma Hawkins's being called as a court's witness was discussed at length in this court's opinion affirming Movant's conviction. *Allen*, 714 S.W.2d at 196–98. The gist of Point III is an attempt to relitigate in this proceeding an issue resolved on direct appeal. This Movant may not do. *Clark*, 859 S.W.2d at 789[13]. Moreover, the claim of *error* as expressed in Point III remains a charge of trial court error, and Movant has not shown why she could not have raised it at trial and on direct appeal. *See Id.* at 789[12]. We reject Point III.

We affirm the judgment of the motion court.